ABRAHAM W. SEAVER

*v.*

ALFRED SPINK.

| 65 | 441 |
|----|-----|
| f96a | 1430 |

| 65 | 441 |
|----|-----|
| 195 | 3500 |

1. BANKRUPTCY—*conveyance, under sec.* 35 *of the bankrupt act, whether fraudulent or not.* Where a bankrupt executed a deed of trust to secure a *bona fide* indebtedness several years prior to the filing of the petition in bankruptcy, but the same was acknowledged and recorded only about two months prior to that date, and there was no complicity on the part of the creditor to enable the debtor to procure credit, or even *laches* on his part in not recording the deed, from the fact that he had been imposed upon by forged certificates of acknowledgment and of record: *Held*, that the deed of trust was not affected by the 35th sec. of the bankrupt law, but was valid.

2. The non-registry of a deed of trust in no way affects its validity under the bankrupt law; neither does the fact that it was not acknowledged by the grantor, as it is good and valid between the parties, and also as to creditors with notice, without acknowledgment.

3. REGISTRY OF DEED. The creditor holding a deed of trust is under no obligation to record the same for his own protection, except as against subsequent purchasers and judgment creditors; and admitting that the assignee in bankruptcy of the grantor occupied such position, yet if the instrument is recorded before the filing of the petition in bankruptcy, the latter can claim no priority of the deed of trust.

APPEAL from the Circuit Court of Winnebago county; the Hon. WILLIAM BROWN, Judge, presiding.

This was a bill in chancery, filed by the appellee, assignee in bankruptcy of William W. Wood & Co., to set aside, as fraudulent and void, a deed of trust executed by William W. Wood and wife to Rufus Stratton, to secure the payment of a note of $8000, payable to the appellant. The grounds upon which this deed was sought to be avoided under the bankrupt law of the United States, appear in the opinion. The cause was heard upon the bill, answer of appellant, replication thereto, and proofs, and decree *pro confesso* as to the other defendants. The court below held the deed of trust fraudulent and void under the 35th section of the bankrupt act.

Mr. JOHN J. McKINNON, and Mr. A. H. LAWRENCE, for the appellant.

Messrs. TENNEY, McCLELLAN & TENNEY, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

In this case no question is made as to the indebtedness from Wood to Seaver, but it is contended that the deed of trust is void as against the assignee in bankruptcy of Wood, under the 35th section of the bankrupt law. That section avoids all conveyances by the bankrupt made within four months prior to filing the petition, for the purpose of giving a preference to any creditor, if such creditor has reasonable cause to believe the grantor is insolvent, and the conveyance is made in fraud of the bankrupt law.

In the case at bar the conveyance was in fact made and delivered several years prior to the filing of the petition in bankruptcy, but was acknowledged and recorded only about two months prior to that date.

It is not denied that Wood was insolvent, or that Seaver knew that fact at the date of recording. All presumption,

however, of complicity with Wood for the purpose of enabling him to procure credit, or. even of *laches* in not recording the deed, is repelled by the proof that Seaver, who lived in Massachusetts, had been imposed upon by forged certificates of acknowledgment and of record. Until he sent his agent to collect the debt, about two months before the bankruptcy, he supposed his deed had been acknowledged and recorded from the time of its execution.

We can not see that the deed of trust in this case falls within either the letter or spirit of the 35th section of the bankrupt act. This deed was not made within four months prior to filing the petition. So far as the grantor was concerned, the act was completed when the deed was executed and delivered, and Seaver was under no obligation to reduce the deed to record for his own protection, except as against subsequent purchasers or judgment creditors. Admit that the assignee in bankruptcy stands in the position of either or both these classes, and that his title relates back to filing the petition, still he can claim no priority over the deed of trust, recorded as it was before the petition was filed. Our statute gives him none, and the 35th section of the bankrupt act gives him none. That avoids, as against the assignee, only instruments made within the four months prior to the petition. But this instrument was not so made. It was, on the contrary, made and delivered years before, and its non-registry in no way affects its validity, except under our recording laws. Its validity under the 35th section of the bankrupt act does not depend upon the fact of registry, and no other provision of that act is cited as bearing upon this question. Registry is important only under our own statutes, and it is not claimed that the deed is void as against the assignee under them.

The error of counsel for appellee lies in the assumption that a further act of Wood was necessary to complete the deed, and that such act was performed by him within the four months by acknowledging the deed. But the deed was wholly complete without such acknowledgment, and if recorded, as

it might have been, would have been notice to creditors and purchasers. (Sec. 28 Rev. Stat. of 1845.)

The only consequence of a want of the usual certificate of acknowledgment would have been that Seaver, if under the necessity of using the deed as evidence, would have been obliged to prove its execution.

Counsel speak of the acknowledgment by Wood as " indispensable," and say, in another paragraph, that the deed "was void as to creditors, and could only be made operative by the further act of Wood." They, therefore, insist that the deed should be considered as made by Wood within the four months. But this is all an error. Wood's acknowledgment was not indispensable, and no further act of his was necessary to make the deed operative as to creditors. It could have been recorded without his acknowledgment, and would have been •valid without registry, even as against creditors •and purchasers, if they could be charged with actual notice.

The views we have expressed are in precise accordance with an opinion delivered in a similar case by Mr. Chief Justice Chase, while holding a circuit court in Virginia. *In re Wynne,* 9 American Law Register, 627 ; cited also in Bump on Bankruptcy, 402.

Counsel for appellee cite the case of *Harvey* v. *Crane,* decided in the circuit court of the United States for the Northern District of Illinois, and reported in 3 Chicago Legal News, 341, as holding a doctrine contrary to that announced in the case of Wynne. But on examining the opinion in *Harvey* v. *Crane, supra,* we find the question presented was very different from that before us. The mortgage in question there was a chattel mortgage, void upon its face as to creditors. It was valid only as between the parties. Whether creditors had notice of it or not, was immaterial, as it was but a blank piece of paper as to them.

In the case before us the deed is valid, not only as between the parties, but as to creditors and purchasers having actual or constructive notice. But in that case the mortgagee took

actual possession of the goods under his void mortgage twenty-three days before the petition in bankruptcy was filed, and the question was as to the effect of that possession. The decision we understand to be expressly placed on that ground. The question was, substantially, what it would have been if possession had been transferred without a mortgage. The 35th section of the act therefore applied.

The court says, in conclusion, that the defendant can not rely on the mortgage, because it is invalid under the law of the State, nor on the possession, because it was taken under an invalid mortgage.

As we understand the view of the court, the possession was thus left to depend on the validity of the actual transfer made twenty-three days before filing the petition, and this transfer was invalid under the bankrupt act.

We do not regard that case as in conflict with the views we have expressed    It turned upon different questions from those presented by this record.

The decree of the circuit court is reversed and the bill dismissed.

*Decree reversed.*

At a subsequent term it was ordered that the foregoing order of reversal and dismissal be taken to mean that the decree is reversed and the bill dismissed only as to the appellant, Seaver.