## O. B. Tennis v. Harry Midkiff.

## O. B. Tennis v. Harry Midkiff et al.

1. CHATTEL MORTGAGES—*Property Acquired After Execution.*—A mortgage upon chattels thereafter to be acquired by the mortgagor does not give title to those chattels when acquired by him, unless the mortgagee takes possession of them. If the after-acquired property is taken by the mortgagee into his possession before the intervention of any rights of third persons, he will hold it under a valid lien by operation of the provisions of the mortgage in regard to it.

2. SAME—*At Common Law.*—At common law a mortgage can operate only on property actually in existence at the time of giving it, and then actually belonging to the mortgagor or potentially belonging to him as an incident of other property in existence and belonging to him.

3. SAME—*Effect of Seizure of After-Acquired Property.*—Where a mortgage of chattels contains a power of seizure on default (and the right to distrain may be regarded as giving such power) the execution of such power may give effect to a mortgage of subsequently acquired prop-

erty, not only as between the parties, but also as to third persons claiming under the mortgagor.

4. SAME—*Subsequently Acquired Property the Rule in Equity.*—The rule in equity as to after-acquired property, when the mortgagee has not taken possession and when the mortgagor has done no new act to confirm the mortgage, is that, while such mortgage does not pass the title as to such property, it is operative as an executory agreement, which attaches to the property, and in equity transfers the beneficial interest to the mortgagee, the mortgagor being regarded as a trustee for him.

5. SAME—*After-Acquired Property Transferable in Equity—Not Assignable at Law.*—In equity the estate attaches as soon as the property is acquired by the debtor. At law, property not existing, but to be acquired at a future time, is not assignable; in equity it is transferable. At law, although a power is given in a deed of assignment to take possession of after-acquired property, no interest is transferred even as between the parties themselves, unless possession is actually taken. When the property is acquired by the mortgagor, equity will transfer it, and when, after such acquisition, it is taken into possession by the mortgagee, it is good at law against all persons, creditors with liens attaching after such change of possession included.

Memorandum.—Replevin. In the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Trial by the court without a jury; finding and judgment for defendants; appeal by plaintiff. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed December 14, 1894.

APPELLANT'S BRIEF, CRATTY BROS., JARVIS & CLEVELAND AND DREW & O'MARA, ATTORNEYS; THOMPSON & DONAHUE, OF COUNSEL.

The time the transfer was made there were no creditors who had any right to the property in question but the mortgagee. Union Trust Co. v. Trumbull et al., 137 Ill. 180; Warner v. Jamieson, 52 Ia. 70; Taylor v. Wheeler, 2 Vt. 564; Van Huesen v. Radcliff, 17 N. Y. 580; Walker v. Miller, 11 Ala. 1067; Mitchell v. Winslow, 2 Story (U. S.) 630; Powell on Chattel Mortgages, 459; Overstreet v. Manning, 67 Tex. 657.

An equitable lien can be created on property to be acquired in the future, which is binding on third persons with notice. Pomeroy's Equity Jurisprudence, Sec. 1288, 2d Ed.; Borden v. Croak, 131 Ill. 68; Blanchard v. Cooke, 144 Mass. 207; Bennett v. Bailey, 150 Mass. 257; Rowly v. Rice, 52

Mass. 333; Chase v. Denny, 130 Mass. 566; McCaffery v. Woodin, 65 N. Y. 459; Coats v. Dannell, 94 N. Y. 177; Reynolds v. Ellis, 103 N. Y. 122; Wisner v. Ocumpaugh, 71 N. Y. 116.

When the mortgagee gets possession of the future acquired property, under a power contained in the mortgage his title is complete, and the property can be disposed of to satisfy the claim. McCaffery v. Woodin, 65 N. Y. 659; Gregg v. Sanford, 24 Ill. 17; Frank v. Miner, 50 Ill. 444; Bell v. Shrieve, 14 Ill. 462.

When the mortgagee takes possession of the mortgaged property before any lien attaches, all defects in the mortgage are cured. Chipron v. Feikert, 68 Ill. 284; Frank v. Miner, 50 Ill. 444; Read v. Wilson, 22 Ill. 380; Horn v. Rutter (Colo.), 2 Denver Law News, 153; 21 Pac. Rep. 186; Inter-State Galloway Cattle Co. v. McLean, 42 Kan. 680; 22 Pac. Rep. 728; Evans v. Sprague, 30 Wis. 303; Frost v. Citizens National Bank, 68 Wis. 334; Gardner v. Wright, 52 Ark. 385.

The description of the property covered by the mortgage is sufficient to cover both the property in possession at the time the mortgage was given and that which was acquired in the future. McCaffery v. Woodin, 65 N. Y. 659; Muncie National Bank v. Brown, 11 Ind. 474; Durke v. Strickland, 43 Ind. 494; Dehoity v. Paxton, 97 Ind. 253; Knapp Stout Co. v. Deity, 24 N. W. Rep. 421; Shaw v. Glen, 37 N. J. Eq. 32; Senter v. Mitchell, 16 Fla. 206; Paul v. Baker, 58 Vt. 293; Bucklin v. Crampton, 20 Vt. 263; Burdett v. Hunt, 25 Me. 419.

It is a familiar rule of construction that where the terms of an agreement are in any respect doubtful or uncertain, and the parties to it have by their own conduct placed a construction upon it which is reasonable, such construction will be adopted by the courts in the event of litigation concerning it. People v. Murphy, 119 Ill. 166; Wilson v. Roots, 119 Ill. 386; Hall v. First National Bank of Emporia, 133 Ill. 240; Lythes v. Lischer, 108 Ind. 382; Syms v. Mayor of N. Y., 105 N. Y. 153; Newsposs v. Newman, 106 N. Y. 47; Topliff v. Topliff, 30 U. S. Law Ed. 1110.

Tennis v. Midkiff.

The instrument in question was not fraudulent in fact, therefore third persons can not question the legality of it, and such a conveyance is good between the parties, and third persons can not contest it when the transaction was *bona fide* in fact, and there was an actual consideration passing between the parties to the instrument. Lobenstein v. Lehn et al., 120 Ill. 555; Phelps v. Curtis, 80 Ill. 109; Boyd v. Dunlap, 1 Johns. Ch. (N. Y.) 402.

In the cause at bar the mortgagee had good and sufficient possession of the goods in question before the levy of the distress warrant or executions. Cunningham v. Hamilton, 25 Ill. 212; Funk v. Staats, 24 Ill. 633; Laflin v. Griffith, 35 Barb. (N. Y.) 58; McMahill v. Humes, 21 Ill. App. 513.

Appellees' Brief, D. C. Corley and Mills Bros., Attorneys.

The burden of proving the facts necessary to establish the lien of the chattel mortgage is clearly upon appellant. Borden v. Croak, 131 Ill. 73.

Under the law in this State, if a chattel mortgage provides that the mortgagor of a stock of goods may sell the same in the ordinary course of trade, or if there is such an agreement or understanding outside of said mortgage between the mortgagor and mortgagee or his agents, then such mortgage is fraudulent *per se* as to third parties, and void. Deering & Co. v. Washburn, 141 Ill. 153; Dunning et al. v. Mead et al., 90 Ill. 376; Greenbaum v. Wheeler, 90 Ill. 296; Huschle v. Morris, 131 Ill. 587; Davis v. Ransom et al., 18 Ill. 397.

If the mortgagor attempts to foreclose a chattel mortgage on a stock of goods where the owner has been selling the same at retail since the mortgage was given, the same as before, by consent or authority of the mortgagee, the mortgagee must not only acquire possession but must hold the same; and if he abandons possession after acquiring it, the mortgage will not hold as against creditors. Hunt v. Bullock, 23 Ill. 320; Titus et al. v. Mabee et al., 25 Ill. 260; Gregg et al. v. Sanford, 24 Ill. 17; Webster v. Nichols, 104 Ill. 177; Jones on Chat. Mort., Secs. 186, 189, 375.

When the owner of a stock of goods gives a chattel mort-

gage upon the same, including in said mortgage a provision intended to cover after-acquired property, and then by consent of and arrangement with the mortgagee, the mortgagor continues to sell said stock at retail the same as before the mortgage was given, frequently buying new goods which are put into said stock, said mortgage will not, as against creditors, hold the after-acquired property unless the same is specifically described in said mortgage, and the mortgagee gains and holds possession of the property before creditors' liens attach. Borden v. Croak, 131 Ill. 74; First National Bank of Joliet v. Adams et al., 138 Ill. 499; Am. and Eng. Ency. of Law, page 183.

If, after a chattel mortgage is given on a stock of goods, the mortgagee authorizes or consents that the mortgagor shall continue his retail business with said stock, and after said mortgage is given, the mortgagor, by the consent of and for the benefit of the mortgagee, buys additional goods which are not subject to the mortgage and mingles the same with the stock so as not to be distinguishable from the latter, a creditor may lawfully levy on the whole, or so much thereof as is necessary to satisfy his debt. First National Bank of Baltimore v. Lindenstruth et al., 28 Atl. Rep. 807; Simons v. Jenkins, 76 Ill. 483; 2 Kent's Com., 465.

Where a chattel mortgage is given to cover property to be acquired in the future, the mortgage is of the nature of an executory contract (if the property is specifically described), and if the mortgaged property comes into the possession of the mortgagee before any other liens have attached, he, the mortgagee, acquires an equitable lien thereon which can only be enforced in a court of equity. Simons v. Jenkins, 76 Ill. 483; Hunt v. Bullock, 23 Ill. 265; Duncan v. Stearns, 9 Barb. (N. Y.) 630.

At common law a mortgage can operate only on property actually in existence at the time of giving the same, and then actually belonging to the mortgagor, or potentially belonging to him as an incident of other property then in existence and belonging to him. Borden v. Croak, 131 Ill. 68; Holroyd v. Marshall, 10 H. L. Cases 191; Jones on Chat. Mort., Sec. 138.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

These cases were heard together by the Circuit Court, a jury being waived. They were actions of replevin by the appellant for certain millinery goods which had been levied upon by virtue of a distress warrant and certain executions against E. L. Pettinger, who had previously executed a chattel mortgage under which the plaintiff claimed the goods. The court found the issues for the defendants and adjudged accordingly. By this appeal the correctness of such finding and judgment is questioned.

The mortgage was given upon a stock of goods from which sales were being made and to which additions were anticipated in the usual course of business, and covered all goods that the mortgagor should thereafter purchase and place in said stock; and it provided that until default, he might retain possession and have the use of said goods.

It was intended to secure the payment of thirty-one promissory notes, amounting in the aggregate to $1,213.93.

These notes matured at short intervals, and while some of them were paid as matured, there was default as to several others on the 5th of October, 1893, when the mortgagee took possession of the entire stock then on hand. The store was closed and the goods were advertised for sale. Subsequently the distress warrant and the executions came to the hands of the officer who seized the goods, which were then replevied by the mortgagee. It is urged in support of the judgment that the mortgage was invalid as to after-acquired goods which were taken under the distress warrant and executions, and that whatever might have been the rights of the mortgagee in a court of equity as to such goods, he has no standing in a court of law as against the liens of execution and distraining creditors. This argument ignores the effect to be given to the act of taking possession under the provisions of the mortgage.

In Chase v. Denny, 130 Mass. 566, the contest was between the mortgagee and the assignee in insolvency. The mortgage was upon certain stock then in the mills of the mortgagor, and upon all property of a similar character which

he might afterward acquire and place in the mills. Default in payment having accrued, the mortgagee took possession in the absence of the mortgagor who had absconded, and who did not participate in the act of taking possession by the mortgagee.

It was conceded that a mortgage upon chattels thereafter to be acquired by the mortgagor, does not give title to those chattels when acquired by him, unless the mortgagee takes possession of them, but the court said: " If, however, the after-acquired property is taken by the mortgagee into his possession before the intervention of any rights of third persons, he holds it under a valid lien by operation of the provision of the mortgage in regard to it."

In McCaffrey v. Woodin, 65 N. Y. 459, the same doctrine was recognized and approved.

In Borden v. Croak, 131 Ill. 68, it was said:

" At common law, a mortgage can operate only on property actually in existence at the time of giving the mortgage and then actually belonging to the mortgagor, or potentially belonging to him as an incident of other property in existence and belonging to him. Jones on Chattel Mortgages, section 138, and the authorities cited. Where the mortgage contains the power of seizure on default, and the right to distrain may be regarded as giving such power of seizure, the execution of such power may give effect to a mortgage of subsequently acquired property, not only as between the parties, but also as against third parties claiming under the mortgagor. Ib., Sec. 60 *et seq.*"

The court then states the rule in equity as to such after-acquired property, when the mortgagee has not taken possession, and when the mortgagor has done no new act to confirm the mortgage; that while such mortgage does not pass the title as to such property, it is operative as an executory agreement which attaches to the property when acquired, and in equity transfers the beneficial interest to the mortgagee, the mortgagor being regarded as a trustee for him in accordance with the familiar maxim that equity considers that as done which ought to be done, citing among others, the case of McCaffrey v. Woodin, *supra.*

In Holroyd v. Marshall, also cited, Lord Chilmsford pointed out the distinction between the rule in equity and at law thus : in the latter, there must be a new intervening act; a mere license is not sufficient unless acted upon; in equity, the estate attaches as soon as the property is acquired by the debtor. At law, property not existing, but to be acquired at a future time is not assignable; in equity it is transferable. At law, though a power is given in a deed of assignment to take possession of after-acquired property, no interest is transferred even as between the parties themselves unless possession is actually taken. When the property is acquired by the mortgagor equity will transfer it, and when, after such acquisition, it is taken into possession by the mortgagee pursuant to the terms and authority of the mortgage, it is good at law against all persons, creditors with liens attaching after such change of possession included. See, also, O'Neill v. Patterson, 52 Ill. App. 26.

In the view we take, it is not material to inquire whether the possession was taken by the mortgagee with the consent then given of the mortgagor. The mortgage contained all the authority required, so far as the parties were concerned, and if the authority was exercised and possession thereby obtained before the rights of third persons intervened, the mortgagee will be protected.

It follows that, in our opinion, the finding should have been for the plaintiff.

The judgment will be reversed and the cause remanded.