## C. B. Dean, Trustee in Bankruptcy, v. Edwin B. Plane et al.

1. FRAUDULENT CONVEYANCES—*What Are Not, Under the Bankrupt Law.*—In order to invalidate a conveyance of real estate under the bankrupt law, the petition in bankruptcy must be filed within four months from the time of the execution of the conveyance.

2. SAME—*From a Husband to His Wife in Payment of Indebtedness.*—A husband who is owing a debt, in good faith, to his wife, may lawfully make a conveyance of real estate to her, and she has a legal right to receive such conveyance at a fair value, in payment of the indebtedness, without being charged with fraud toward his creditors, irrespective of the provisions of the bankrupt act.

**Bill to Set Aside Fraudulent Conveyance.**—Appeal from the Circuit Court of Boone County; the Hon. CHARLES E. FULLER, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

William L. Pierce and A. D. Early, attorneys for appellant.

Robert W. Wright and Charles Hudson, attorneys for appellees.

Mr. Presiding Justice Dibell delivered the opinion of the court.

C. B. Dean, trustee in bankruptcy of Edwin B. Plane, filed this amended bill in equity in the court below against said E. B. Plane and his wife, Mrs. Nellie E. Plane, to set aside two deeds of real estate from said E. B. Plane to his wife, on the ground that they were void under the bankruptcy act, and were fraudulent as to creditors. The defendants answered the bill fully, averring that the deeds were executed and delivered more than four months before the petition in bankruptcy of said E. B. Plane was filed; that they were given in payment of a *bona fide* indebtedness owing from the husband to the wife, the details of which were fully set out, and that at the time the deeds were made said E. B. Plane was not insolvent. The proofs were taken in open court. A decree was rendered, substantially in favor of Mrs. Plane, but finding that the conveyances overpaid the wife in the sum of $141.50, and for that sum and interest, amounting in all to $148.80, and for the costs of suit, the trustee was given a decree, which was made a lien upon the real estate. From that decree the trustee appeals, and Mrs. Plane assigns cross-errors as to the $148.80 and the costs.

The deeds were executed on November 29, 1899, and (as the court below found and the proof warrants) on that day delivered to Mrs. Plane's attorney, who placed them with his papers in his office, but failed to then record them. The principal instrument was a warranty deed for the interest of E. B. Plane in certain business premises in Belvidere, which interest was valued at $1,365. This deed Mrs. Plane's attorney caused to be recorded on July 20, 1900. The other was a quit claim deed of E. B. Plane's undivided one-seventh interest in certain lots, which interest was valued

at $200; and that deed was never recorded. On July 30, 1900, E. B. Plane filed his petition in bankruptcy, and on August 20, 1900, he was adjudged a bankrupt. The bankruptcy act (Sec. 67 E) avoids conveyances intended to hinder and delay creditors, unless made to purchasers in good faith and for a present fair consideration, if said conveyances were made within four months prior to the filing of the petition in bankruptcy. These conveyances were executed and delivered on November 27, 1899, eight months and three days before the petition was filed, but the deed of the business property was not recorded till July 20, 1900, ten days before the petition was filed, and the deed of the lots was not recorded at all. The question is therefore presented whether the four months fixed by the provision of the bankruptcy act before referred to is to be computed from the execution and delivery of the deed or from the date when it was filed for record. This question, and the arguments *pro* and *con*, and the decisions of the courts on this subject under the bankruptcy act of 1867, are discussed at length in the second edition of Collier on Bankruptcy, pp. 309–313, and the conclusion is there reached that in order to invalidate a preferential transfer the petition in bankruptcy must have been filed within four months from the time of the transfer itself, and that the failure to file the instrument for record does not extend the time. The same point was decided under the present act in In re Wright, 96 Fed. R. 187, and in Miller v. Schriver, 197 Pa. St. 191. The same rule was laid down by our Supreme Court in Seaver v. Spink, 65 Ill. 441, under the prior bankruptcy act. It follows that the deeds can not be set aside as made within four months before the petition in bankruptcy was filed.

The remaining inquiry is whether the deeds were fraudulent as to creditors, irrespective of the provisions of the bankruptcy act, so that the title to said real estate passed to the trustee, under Sec. 70 a 4, as " property transferred by him in fraud of his creditors." It does not admit of dispute upon the present record that about 1892 Mrs. Plane

loaned her husband $1,000, money which she received from the estates of her father and her mother, and which her husband, upon borrowing it, put into the hardware business in which he was then engaged; that on May 8, 1893, to evidence this debt, her husband gave her his judgment note for $1,000, due on demand and bearing interest at the rate of seven per cent per annum; that E. B. Plane afterward sold out the hardware business, and was employed for others in various ways till March, 1898, when he opened a grocery store; that his father died in June, 1897, and in the summer of 1899 he received in cash from that estate $2,250, which he put into his grocery business; that in November, 1899, his wife wished him to pay her note, and he wished to do so, and they had discussions about the matter; that R. A. Childs, an attorney, had been Mrs. Plane's legal adviser for several years in matters connected with the estates of her father and her mother, and was aware of the loan by Mrs. Plane to her husband about the time it was made, and had seen the note soon after it was drawn and several times thereafter; that he was called to meet the parties at their home in Belvidere in November, 1899, and was retained by Mrs. Plane to act for her in adjusting the matter; that after a conference it was decided it was not best for Plane to take the money out of his business, but that he should deed his wife the real estate interests already referred to at values then fixed, to apply upon the note; that Plane went to the office of Childs in Chicago soon after, on November 27, 1899, and the deeds were drawn and executed, and left with Childs for Mrs. Plane, and upon Plane's return home the values at which said properties were taken by Mrs. Plane were indorsed on the note as payments thereon, and Mrs. Plane retained the note because, as the parties understood it, the debt was not fully paid, because she had not received interest from the date of the loan to the date of the note. The store property Plane deeded to his wife was not in the possession of either party. He had obtained it in a division of his father's estate, but burdened, by agreement, with certain

interests in the widow, and Dr. Frank S. Whitman, as agent for all parties, was to receive the rents and pay stated amounts regularly to the widow during her life. We think the proof justifies the conclusion that Mrs. Plane took these properties at the fair value of her husband's interest therein; that neither Mr. nor Mrs. Plane knew that Plane was insolvent or financially embarrassed at the time the deeds were made, and that most of the commercial debts Plane owed at the date of the deeds were paid long before he failed and went into bankruptcy. Especially does it seem to be true that Mrs. Plane was not acquainted with her husband's affairs. We think the court below was warranted in finding that this was a *bona fide* debt from husband to wife, which the parties intended should be paid, duly evidenced by a proper note, and that the payment was not designed to hinder or delay other creditors. The delay in recording the deed was a circumstance to be considered, but seems to have been due to the neglect of Mrs. Plane's attorney, and not to any purpose to deceive or mislead other creditors. This being a *bona fide* debt, Plane had a right to pay it, and Mrs. Plane had a right to receive payment.

We are also satisfied with the chancellor's disposition of the matters involved in the cross-errors assigned. The decree is affirmed.