C. B. DEAN, Trustee,

*v.*

E. B. PLANE *et al.*

*Opinion filed February 21, 1902—Rehearing denied April 5, 1902.*

1. DEBTOR AND CREDITOR—*conveyance operates as a preference from time it is delivered.* A conveyance is effective and complete when the deed is delivered, and if it operates as a preference it does so from the time the deed is delivered, and not merely from the time it is recorded.

2. SAME—*when deeds are not voidable under national Bankruptcy act.* Deeds made and delivered more than four months prior to the filing by the grantor of a petition in bankruptcy are not voidable under the section of the national Bankruptcy act providing for the avoidance, by the trustee in bankruptcy, of preferences given less than four months prior to the filing of the petition, even though one of the deeds was not recorded at all and the other not until shortly before the petition was filed.

3. SAME—*when deeds should not be set aside in equity.* Deeds from husband to wife, made to pay a *bona fide* claim of the wife for money loaned, should not be set aside, in equity, as in fraud of creditors, where the wife had no suspicion that the husband was insolvent or likely to become so; nor does the fact that the wife neglected to record the deeds justify a conclusion of fraud or attempted fraud.

4. APPEALS AND ERRORS—*when party cannot raise question that title passed to trustee in bankruptcy.* The provision of the Bankruptcy act for vesting title to real estate in the trustee involves the freehold and not merely a question of lien, and hence a party desiring to raise the question that title passed under such provision should appeal directly to the Supreme Court; and if he appeals to the Appellate Court and assigns other errors, he cannot, on appeal to review the Appellate Court's judgment, raise such question in the Supreme Court.

*Dean v. Plane*, 96 Ill. App. 428, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Boone county; the Hon. CHARLES E. FULLER, Judge, presiding.

WILLIAM L. PIERCE, and A. D. EARLY, for appellant:

An insolvent in contemplation of bankruptcy cannot make preferences which are not open to attack, for the

benefit of the bankrupt estate.    National Bankrupt act, secs. 3*a*, 3*b*; sec. 60*b*; sec. 67*e*; *Preston* v. *Spaulding*, 120 Ill. 208; *Hanford Oil Co.* v. *Bank*, 126 id. 584; *Carter* v. *Hobbs*, 94 Fed. Rep. 108; *Blackman* v. *Preston*, 123 Ill. 381; *Blennerhassett* v. *Sherman*, 105 U. S. 100.

A conveyance made with the intent to disturb, delay or defraud creditors is void as against such creditors. Rev. Stat. chap. 59, sec. 4; National Bankrupt act, sec. 67*e*.

The trustee of the estate of a bankrupt is subrogated to the rights of creditors for the benefit of the estate, and may maintain suit to recover the property transferred, or its value, from whoever may receive it.    National Bankrupt act, secs. 67*b*, 67*e*; sec. 70*e*; *In re Booth's Estate*, 98 Fed. Rep. 975.

The title to the real estate in question vested in complainant by virtue of the adjudication in bankruptcy. National Bankrupt act, sec. 70*a*.

The deed of the vacant lot never having been recorded, the title thereof unquestionably passed to appellant. *Haskell* v. *Merrill*, 60 N. E. Rep. 485; National Bankrupt act, sec. 70*a*.

Claims which, for want of record or for other reasons, would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate.    National Bankrupt act, sec. 67*a*; *In re Leigh*, 96 Fed. Rep. 806.

A mortgage or deed withheld from record is postponed to junior liens.    As to subsequent purchasers and creditors without notice the mortgage or deed takes effect from time of filing only.    2 Bigelow on Fraud, 365; Waite on Fraudulent Con. 420; *Field* v. *Ridgely*, 116 Ill. 424; *Bank* v. *Housman*, 6 Paige, 526; *Blackman* v. *Preston*, 123 Ill. 381; *Montgomery* v. *Phillips*, 53 N. J. Eq. 203; *Blennerhassett* v. *Sherman*, 105 U. S. 100.

Conveyance and preference given by a failing debtor to members of his family or intimate friends are open to closest scrutiny.    *Maddox* v. *Ekler*, 48 Ill. App. 265; *Frank*

v. *King,* 121 Ill. 250; *Coale* v. *Plow Co.* 134 id. 350; *Beidler* v. *Crane,* 135 id. 92; *Martin* v. *Duncan,* 156 id. 274.

ROBERT W. WRIGHT, and CHARLES HUDSON, for appellees:

The provisions of the Bankruptcy act have no application whatever in this case unless the conveyances sought to be set aside were made within four months preceding the filing of the petition in bankruptcy, or unless there was actual intent to defraud on the part of both the appellees. The conveyances were not made within such time. *In re Wright,* 96 Fed. Rep. 187; *Miller* v. *Schriver,* 46 Atl. Rep. 926; *In re Wynne,* 4 B. R. 23; *Seaver* v. *Spink,* 65 Ill. 441; *Cragin* v. *Carmichael,* 11 B. R. 511.

There being a *bona fide* indebtedness from the bankrupt to his wife, he had a perfect right to pay her, even though his other creditors were thereby deprived of the means of obtaining payment, if the same was not done within four months preceding the filing of petition in bankruptcy. *Tomlinson* v. *Matthews,* 98 Ill. 178; *Frank* v. *King,* 121 id. 250.

Even though the deeds were constructively fraudulent, yet being given to pay a *bona fide* debt they will be upheld to the amount of the consideration. *Lobstein* v. *Lehn,* 120 Ill. 549; *Beidler* v. *Crane,* 135 id. 92.

The conveyances being for a consideration, even though made by the grantor with intent to hinder, delay and defraud his creditors, would not be set aside unless such fraudulent conduct were participated in by the grantee. *Hatch* v. *Jordan,* 74 Ill. 414; *Grant* v. *Bennett,* 96 id. 513; *Schroeder* v. *Walsh,* 120 id. 403; *Union Nat. Bank* v. *Bank,* 168 id. 256.

That the deeds were not recorded until long after their execution is not evidence of fraud on the part of the grantee. *Field* v. *Ridgely,* 116 Ill. 424; *Hegeler* v. *Bank,* 129 id. 157; *Tyler Paper Co.* v. *Lithographing Co.* 35 Ill. App. 500; *Haas* v. *Sternbach,* 156 Ill. 44.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant, C. B. Dean, trustee of the estate of E. B. Plane, bankrupt, commenced this suit by filing his bill in the circuit court of Boone county against said E. B. Plane and Nellie E. Plane, his wife, the appellees, praying that two conveyances made by E. B. Plane to Nellie E. Plane should be set aside and the premises therein described be declared assets of E. B. Plane, or that Nellie E. Plane should be decreed to keep said premises and pay their value to the appellant, as he might elect. The bill, as amended, was answered with averments that the conveyances were made in payment of a *bona fide* indebtedness due and owing from said E. B. Plane to Nellie E. Plane. On a hearing the court found the conveyances valid, but that they over-paid the amount due by the sum of $141.50, which, with interest, appellees were ordered to pay to appellant, and the decree was made a lien on the premises and costs were decreed against appellees. Appellant removed the case to the Appellate Court for the Second District, and appellees assigned cross-errors. The Appellate Court affirmed the decree, and this further appeal was prosecuted.

The facts are, in substance, as follows: E. B. Plane was engaged in the hardware business in Belvidere. He wanted more money, and his wife, Nellie E. Plane, who had inherited money from her father's and mother's estates and had invested it, called in $1000 and loaned it to him. On May 8, 1893, he gave her his promissory note for said sum, payable on demand, with interest at seven per cent per annum. Later he sold out his hardware business, and, after other work for a few years, opened a grocery store in Belvidere in March, 1898. He put $500 or $600 in the business and borrowed $1200 of the People's Bank of that place. His father, John Plane, had died, and he had inherited, subject to the widow's rights, a one-seventh interest in his estate, which consisted of

personal property, six or seven lots of a subdivision of the Plane homestead, and a store building property known as the "Plane Block." By agreement of the parties in interest the rights of dower, homestead and all other benefits of the widow were transferred to the Plane Block, under an agreement by which she was to have stated amounts monthly and quarterly, during her life, out of the rentals of the store building. The lots in the subdivision were all sold except one. During the summer of 1899 E. B. Plane received $2250 in cash in the final settlement of the estate, and paid to the People's Bank $700 on the amount borrowed. He then owned an undivided one-seventh interest in the remaining vacant lot and a like interest in the Plane Block, subject to the rights of the widow and the payment out of rentals to her. In November, 1899, Robert A. Childs, attorney for Nellie E. Plane, had a conference with her and her husband to arrange for the payment of the note due her, and an arrangement was made, in pursuance to which E. B. Plane, on November 27, 1899, at Mr. Childs' office in Chicago, executed, acknowledged and delivered to Mr. Childs, for her, a deed conveying to her his interest in the Plane Block for an expressed consideration of $1365, and also a quitclaim deed of his interest in the vacant lot for a consideration stated at $200. The note to Nellie E. Plane bore three endorsements of small sums, one in the handwriting of E. B. Plane and two in her handwriting, and these two amounts were also endorsed upon it, the parties thinking that the note was not entirely paid. Mr. Childs neglected to record the deeds. In July, 1900, Mrs. Plane went to Chicago with her husband on her way to Colorado, as she was in poor health, and Mr. Childs saw them at that place. Before returning home Mr. Plane called at the office of Mr. Childs, who asked him if he would take the deed and record it, and gave him the deed to the Plane Block and one dollar for recording, overlooking the fact that there were two deeds. On July 20, 1900,

Mr. Plane filed that deed for record, and the recorder returned it by mail to Mr. Childs. The other deed for the interest in the vacant lot was never recorded. Mr. Plane's creditors began to press him for payment. He owed a clerk about $200 for labor, and about that time told the clerk to take enough accounts to satisfy his claim. On July 26, 1900, he went to the office of Childs & Hudson, in Chicago, with some statement of his affairs. Mr. Childs was not there, but his partner, Hudson, advised going into bankruptcy, and July 30, 1900, a petition was filed. He owed a balance to the People's Bank and another debt of $1275, besides his commercial creditors.

The validity of the conveyances is first challenged under the provision of the national Bankrupt act, that if a bankrupt shall have given a preference within four months before the filing of a petition in bankruptcy, and the person receiving it or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee. The conveyances were made eight months before the filing of the petition, but one was recorded shortly before the petition was filed and the other was not recorded at all. Counsel contend that the preference is given when the conveyance which operates as a preference is recorded, but the decisions have been uniform to the contrary. (*Seaver* v. *Spink*, 65 Ill. 441; *Miller* v. *Schriver*, 197 Pa. St. 191; *In re Wright*, 96 Fed. Rep. 187; Collier on Bankruptcy, 390.) A conveyance is effective and complete when the deed is delivered, and if it operates as a preference it does so at that time. The recording laws are only for the purpose of notice. The deeds were made and delivered more than four months prior to the filing of the petition, and they are not voidable by virtue of the provision in question. They can not be set aside by virtue of the Bankrupt act unless they come within the express terms of the provision. Whether that provision of the act is unjust in permit-

ting a preference to be given but no public notice to be afforded by recording a conveyance, as argued by counsel, is not a question for courts.

The remaining question is whether the conveyances should be regarded as fraudulent under the rules of equity. That a debtor in failing circumstances has a right to prefer one creditor to another is not questioned, and there can be no doubt that Mrs. Plane was a *bona fide* creditor of her husband. So far as we can see, the sole object of the transaction was to pay a *bona fide* debt, without any intention on the part of Mrs. Plane to hinder, delay or defraud any creditor. The evidence fully justifies the conclusion that she had no suspicion her husband was insolvent or likely to become so. He never had a large amount of property, but was paying his bills as usual, and it is not strange or unnatural that she should desire to have the debt paid. Mr. Childs neglected to put the deeds on record. They were actually delivered to him for the grantee, and while she might, perhaps, incur some risk by the neglect to record them, that fact would not justify any conclusion of fraud or attempted fraud.

The foregoing are the only questions that could be considered by the Appéllate Court under appellant's assignments of error, and he cannot raise any other question in this court. The claim that the title to one-seventh of the vacant lot passed to the trustee as of the date of the adjudication in bankruptcy, by virtue of the provisions of the Bankrupt act, involves the freehold, and the Appellate Court had no jurisdiction of an appeal involving a freehold. As appellant could not assign an error involving the freehold in that court he cannot assign an error of that kind on a review of its judgment. The provision of the Bankrupt act for vesting the title of real estate in the trustee does not relate to the establishment of a lien, but involves the freehold and transfers title. If appellant desired to raise a question whether title

passed to the trustee, he should have appealed directly to this court.

Appellees contend that the court erred in charging Mrs. Plane $141.50 as an over-payment of her note and taxing her with the costs of suit. The ground of this claim is, that she had lent her husband the money some time before the note was given, and that she ought to have interest for that time. We think the court was right and that the note represented the only indebtedness to her. If she was ever entitled to interest for the period before the note was given, she waived it and took the note for the amount of the loan. Costs are largely in the discretion of the court in chancery cases, and we think the discretion was properly exercised in this case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*