# Ferdinand Hock, et al., v. Ernest J. Magerstadt, Sheriff, for use, etc.

### Gen. No. 12,101.

1. REPLEVIN BOND—*what not defense to, where replevin action was dismissed for want of prosecution.* The plaintiff by permitting an action of replevin to be dismissed for want of prosecution, thereby loses all right in a suit upon the bond given in such suit, to contest title to the property, except insofar as such right is reserved by statute in mitigation of damages.

2. WORDS AND PHRASES—*"now kept or hereafter to be kept,"* construed. This phrase, as used in a chattel mortgage, construed.

3. CHATTEL MORTGAGE—*how far valid upon merchandise.* A chattel mortgage upon merchandise which is subject to sale in the course of business, is valid where possession is taken thereunder prior to the intervention of the rights of third parties.

4. REOPENING CASE—*power of court with respect to.* The trial court is vested with discretionary power to permit a case to be reopened for the purpose of introducing additional testimony.

Hock v. Magerstadt.

Action of debt. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed January 12, 1906.

**Statement by the Court.** This appeal is prosecuted from a judgment in an action of debt brought in the name of appellee, sheriff of Cook county, for the use of Henry Breyer on a replevin bond executed by appellants.

The evidence in the record tends to show that appellant Ferdinand Hock executed and delivered to Breyer a chattel mortgage to secure payment of a promissory note dated September 1, 1899, signed by himself and his brother Fred Hock, payable to the order of H. Breyer forty-two months after date for $700 with interest at the rate of four per centum per annum from date. The note by its terms was payable in installments of $50 each every three months.

No payment was made on the note after February 3, 1900. The mortgage covered one butcher's ice box, one set of butcher's tools and meat blocks, one bay horse, one top grocer's wagon; stock of groceries consisting of canned goods, dried fruit and all other groceries and meats "now kept or hereafter to be kept in the store room of the building situated on lot number twenty-six (26) in block number nine (9) of Young & Ryan's Third Addition to Harvey, in the county of Cook and State of Illinois."

Breyer delivered the mortgage to one Frank Curran with instructions to foreclose it. Curran took possession of the stock of goods, the ice box and butcher's tools and horse and wagon. Ferdinand Hock's wife replevined the horse and wagon, claming it as her separate property. Ferdinand Hock replevined the "grocery and meat stock complete with ice box, cleavers, saws and knives," alleging in his affidavit that this property was of the value of $1,500. In that proceeding he executed the replevin bond sued on in this case, conditioned in the ordinary form. Having obtained possession of the property under the writ Hock failed to prosecute his suit with effect, his declaration not being filed in time, and his suit was dismissed without a trial on the

merits and a judgment of *retorno* was entered. A writ of *retorno* was issued and was returned unexecuted.

The case was by agreement tried by the court without a jury, and judgment for the plaintiff for the debt $3,000, to be satisfied on payment of $682 damages, was entered.

JOHN C. TRAINOR, for appellants.

CLARK & CLARK, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Appellants maintain that the goods described in the chattel mortgage with the exception of the ice box, butcher's tools and meat blocks, were not the goods taken under the replevin writ, and hence appellee was not entitled to have them returned and is not entitled to damages for their taking and detention.

By permitting his replevin suit to be dismissed for want of prosecution, appellant Hock lost all right in a suit on the bond to contest Breyer's claim to the property, except that saved to him by the statute, which was to plead and prove his title in mitigation of damages. Stevison v. Earnest, 80 Ill., 513; Hanchett v. Gardner, 138 Ill., 571.

In Keith v. Edwards, 42 Ill. App., 250, it was held that a plaintiff in a replevin suit, having dismissed the same, cannot contest the right and title of the sheriff who sues upon the replevin bond for the use of a constable who had levied upon a stock of goods, the goods not having been returned, although a *retorno* had been awarded, to the extent of their value to cover all the judgments and costs under the executions in the hands of the constable. That right was lost by the dismissal of the replevin suit. If the goods were worth more than the constable's liens upon them the plaintiff might by proof of title mitigate the damages to that extent. So here, we think, Hock, by failing to prosecute his replevin suit, lost the right to contest the validity of Breyer's mortgage upon the stock of groceries in question. He could only prove title in mitigation of damages.

We cannot agree with appellants' contention that the

Hock v. Magerstadt.

clause in the chattel mortgage "now kept or hereafter to be kept in the store room of the building," etc., refers only to the words immediately preceding, to wit, "all meats." In our opinion it refers to the stock of groceries as well.

The mortgage was given upon a stock of goods from which sales were being made and to which additions were anticipated in the usual course of business. As between the parties it was intended to and did cover all goods that the mortgagor Hock should thereafter purchase and place in stock in this store. When possession was taken under the provisions of this mortgage, no rights of third persons having intervened, Breyer held the property under a valid lien by operation of the provisions of the mortgage. Borden v. Croak, 131 Ill., 68; McCaffrey v. Woodin, 65 N. Y., 459; Jones on Chattel Mortgages, Sec. 138, and the authorities there cited; Tennis v. Midkiff, 55 Ill. App., 642.

Cases cited by appellants where the rights of third parties are involved are not applicable here. As against third persons who had acquired liens this mortgage would be strictly construed to protect the rights of such persons, but as between the parties to the instrument nothing more is required than a reasonable degree of certainty as to what property is intended to be covered by it. Considering the language used and the general scope of the contract the intent of the parties was, we think, to create a lien upon the stock of merchandise then and thereafter to be kept in the store room specified, as well as upon the tools and fixtures used in connection with the business. Appellee Breyer was therefore entitled to a return of the entire stock of goods as well as the tools, ice box, scales and meat blocks, upon the dismissal of the replevin suit.

It is objected that there was no evidence before the court of the value of the property wrongfully taken under the replevin writ, and therefore no damages are shown.

The testimony of Cranson and Ward must be regarded as sufficient to show the value of the property. It is not necessary to resort to experts to show the values of property of the character involved here. While the evidence of these

men is not of the most satisfactory character, we cannot for that reason set aside the finding of the trial judge.

It was undoubtedly within the power and the discretion of the court to permit the case to be reopened to produce further evidence at any time before the finding of the court had been entered. We find no abuse of that discretion in the action of the court in this case. Appellants' rights were in no way prejudiced. I. D. & W. Ry. Co. v. Hendrian, 190 Ill., 501.

Finding no error in the record the judgment is affirmed.

*Affirmed.*