### E. EPPSTEIN & CO. v. WILSON.

(Circuit Court of Appeals, Fifth Circuit. November 29, 1906.)

#### No. 1,522.

BANKRUPTCY—LIENS—UNRECORDED CHATTEL MORTGAGE.

> The failure to record a chattel mortgage under the provisions of Rev. St. Tex. 1895, art. 3328, which, under the state decisions, does not affect its validity as between the parties or as against general creditors, does not render it invalid as against the trustee in bankruptcy of the mortgagor by virtue of Bankr. Act July 1, 1898, c. 541, § 67a, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449].

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Texas.

F. M. Etheridge and Rhodes S. Baker, for petitioner.
J. W. Stitt, for respondents.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. On the 4th day of May, 1905, one Cleve McNeil, being indebted to E. Eppstein & Co. in the sum of $2,822.85, balance due on a previous chattel mortgage, and $1,661.47 on an open account and $60 for rent, executed and delivered to E. Eppstein & Co. his note for $4,544.32 with interest from date at 10 per cent.; and, to secure said note he executed on the same day a chattel mortgage, bearing no date upon its face, upon certain bar fixtures in a certain saloon in Quanah, Hardeman county, Tex. Six days afterwards, Cleve McNeil

was, on his own petition, adjudged a bankrupt. E. Eppstein & Co. proved the execution of the aforesaid note and mortgage, and asked to have the same allowed with full recognition of the mortgage lien. To the allowance of the claim the trustee made objection as follows:

"(1) That the alleged lien attempted to be asserted by claimant is void, because when given bankrupt was insolvent. (2) Because the alleged lien was given within four months next preceding the filing of bankrupt's petition herein. (3) Because neither of the mortgages on which claimant relies were registered as required by law, and are therefore void as against creditors and against the trustee of this estate. (4) That the trustee reduced the property on which the lien is asserted to his possession immediately on his qualification as such trustee of this estate and prior to the filing of the claim herein contested as a secured claim. (5) That claimants by withholding said alleged mortgages from proper registration and record aided said bankrupt in practicing a fraud on his other creditors, by making it appear that his assets were unencumbered, thereby inducing credit from creditors other than claimants, which would not have been extended had said mortgages been legally registered."

The finding of the referee was that the claim of indebtedness under the note was a lawful, just, and valid indebtedness of the bankrupt, and lawfully provable therein; that the chattel mortgage, though otherwise valid, was not duly registered as a chattel mortgage in Hardeman county prior to the institution of proceedings in bankruptcy, and therefore the claim of lien thereunder should not be allowed. On review before the District Court, the finding of the referee was sustained. In due time E. Eppstein & Co., filed this petition for revision. If the only question below was as to the validity of the mortgage lien because it was not registered in Hardeman county, the decision of the court was erroneous. See Meyer Bros. Drug Co. v. Pipkin Drug Co., 136 Fed. 396, 69 C. C. A. 240; York Manufacturing Co. v. Cassel, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782. Counsel for respondent argue in this court that the mortgage lien was and is invalid, because it was given for a pre-existing indebtedness when the grantor was insolvent and within six days before the bankruptcy. The referee does not find that the bankrupt was insolvent at the time the mortgage was executed or that there was any fraud in the inception or execution of the mortgage.

Under the facts as presented, we are constrained to reverse the decree of the bankruptcy court, and direct the allowance of the lien claimed by the petitioner, and it is so ordered.