### Edwin C. Hansen v. Adolph Bruckman.

Adolph Bruckman, for use of Edwin C. Hansen, Plaintiff in Error, v. Isaac Horner et al., Defendants in Error.

### Gen. No. 14,793.

1. CHATTEL MORTGAGES—*effect of possession.* If a mortgagee take possession under a chattel mortgage, a provision thereof covering stock in trade becomes effective against third parties whose rights have not attached prior to the taking of such possession.

2. CHATTEL MORTGAGES—*when cover after-acquired property.* *Held*, that the language of the chattel mortgage in this cause was sufficiently broad and comprehensive to cover after-acquired property.

Attachment. Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed December 6, 1909.

LEOPOLD SALTIEL, for plaintiff in error.

WHITMAN & HORNER, for defendants in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The initial action was in attachment, in which defendants in error were summoned as garnishees. A trial before the court of the garnishee proceedings resulted in a judgment of *nil capiat* and for costs.

The statement of fact in the record discloses that Bruckman, October 18, 1907, executed and delivered to defendants in error a chattel mortgage securing an indebtedness to defendants in error of $650, which was acknowledged and recorded pursuant to the statute governing chattel mortgages. The mortgage contained this clause: "together with the entire stock of groceries consisting of canned goods, teas, coffees, spices, cereals, etc.; smoked meats, etc.; and all other personal property of whatsoever kind or nature which may now or at any future period be contained in the premises known as 1419 W. Madison street, Chicago,

Illinois''. Prior to the commencement of the attachment suit defendants in error took possession of the mortgaged property and under the terms of the mortgage sold the same, the proceeds of which sale Hansen, a creditor of Bruckman, sought to reach and subject to the payment of Bruckman's debt to him, through the garnishee proceeding. After the delivery of the mortgage and to the time of defendants in error taking possession, the mortgaged property remained in the possession of Bruckman, who trafficked with them in the usual way, selling some and adding new goods to the stock. The trial judge certifies, and counsel for plaintiff in error argue, that the contention of plaintiff in error is that the clause above quoted would not include ''after acquired property''.

A chattel mortgage of the character of the one found in the record is binding and valid as between the parties at all times, but is void only as against purchasers, judgment creditors and lien holders of the mortgage. Possession, in virtue of the mortgage, by the mortgagee, of the mortgaged chattels, before any lien of third parties attaches or intervenes, validates such mortgage as against such third parties. We think the language of the clause quoted is in purport and legal effect tantamount to, and by implication means, ''after acquired property''. We think the language of the court in Hock v. Magerstadt, 124 Ill. App. 140, —''Considering the language used and the general scope of the contract, the intent of the parties was, we think, to create a lien upon the stock of merchandise then and thereafter to be kept in the store room specified, as well as upon the tools and fixtures used in connection with the business''—is of equal force in this case, and that the words in the mortgage, ''and all other personal property which may now or at any future period be contained in the premises 1419 W. Madison street'', was, by intent of the parties as well as by legal interpretation, sufficient to include ''after acquired property''. The possession

of the property under the terms of the mortgage, prior to the intervention of the rights of third parties, vested defendants in error with a valid lien, according to the conditions of the mortgage.

The judgment of the Municipal Court being right is affirmed.

*Affirmed.*