In re STURTEVANT et al.

RYDBERG v. SMITH.

(Circuit Court of Appeals, Seventh Circuit. April 11, 1911.)

No. 1,755.

BANKRUPTCY (§ 161*)—PREFERENCE—DELAY IN RECORDING CHATTEL MORTGAGE.

Under Bankr. Act July 1, 1898, c. 541, § 60a, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 (U. S. Comp. St. Supp. 1909, p. 1314), which provides that a transfer by a debtor, being insolvent, within four months prior to his bankruptcy, by which one creditor will obtain a greater percentage of his debt than others of the same class, shall constitute a preference, and that, where the preference consists in a transfer, the four-month period shall not expire until four months after the date of the recording of the transfer if by law such recording is required, a chattel mortgage given by a bankrupt when solvent, in good faith and for a present consideration, does not become a preference because not recorded until within four months prior to the bankruptcy, where, under the state law as construed by its Supreme Court, the failure to record does not affect the validity of the mortgage as between the parties nor as against general creditors of the mortgagor, and it takes effect as of the date of its execution.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 261–263; Dec. Dig. § 161.*]

Appeal from the District Court of the United States for the Western Division of the Northern District of Illinois.

In the matter of Alva G. Sturtevant and Esther Nygren, copartners as Nygren & Co., bankrupts. John Z. Rydberg, executor of the estate of John Blomberg, deceased, appeals from an order of the District Court. Reversed.

Appellant appeals from the order of the District Court disallowing all rights and benefits asserted under a certain chattel mortgage securing the claim of his testator against the bankrupts.

The facts are stipulated into the record as follows, viz.: That on April 30, 1907, the bankrupts duly executed and delivered to said testator, John Blomberg, in his lifetime, their promissory note for $2,000 due on or before three years after date, together with their chattel mortgage securing payment thereof, covering certain chattel property consisting of a building situate in the city of Rockford, Ill.; that said note and mortgage were given for a then present and valid consideration of $2,000. paid over to said bankrupts; that said mortgage was not recorded until October 5, 1909, 15 days prior to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the filing of the petition in bankruptcy; that Blomberg had been pressing the bankrupts for the payment of overdue interest, but had been able to collect only a small portion thereof; that practically all the liabilities scheduled by the bankrupt had accrued since April 30, 1907, and prior to the filing of the mortgage; that the creditors had no knowledge of the existence of the mortgage until it was filed for record; that no fraud is claimed other than the withholding of said mortgage from record; and that said bankrupts were not insolvent at the time of the execution and delivery of said note and mortgage. It was further stipulated that the trustee should sell said building for $800, which sum should stand in lieu of the building and abide the court's adjudication of Blomberg's rights.

Subsequently to the entry of the order of the court disallowing the claim of said Blomberg to the security and benefit of said mortgage he, said Blomberg, departed this life testate, and his said executor was substituted herein. The referee held that the filing of the mortgage for record within the four months period created a preference, and disallowed the same, but allowed the note as a general claim against the bankrupts' estate. This order, on petition for review, the District Court approved and confirmed.

The only question presented is whether the recording of the chattel mortgage within the four-month period, under the circumstances of this case, created a preference within the meaning of section 60a of the bankruptcy act. Section 60a reads as follows, viz.: "A person shall be deemed to have given a preference, if, being insolvent, he has, within four months of the filing of the petition, or after the filing of the petition, and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debts, than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required." See, also, section 3b of the act.

The Illinois statute covering chattel mortgages (Hurd's Statutes 1908, c. 95, § 1) provides: "That no mortgage, trust deed or other conveyance of personal property, having the effect of a mortgage or lien upon such property, shall be valid as against the rights and interests of any third person, unless possession thereof shall be delivered to and remain with the grantee or the instrument shall provide for the possession of the property to remain with the grantor and the instrument is acknowledged and recorded as hereinafter directed. And every such instrument shall for the purpose of this act be deemed a chattel mortgage."

G. E. Johnson, for appellant.
Richard F. Locke, for appellees.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). Under the Illinois statute, a chattel mortgage is good as against the mortgagor and those representing him, even though unacknowledged (McDowell v. Stewart, 83 Ill. 538), or unrecorded (Barchard v. Kohn, 157 Ill. 579, 41 N. E. 902, 29 L. R. A. 803). As against creditors and third parties, an unrecorded mortgage prevails over all claimants not armed with an execution or writ of attachment or other process of the courts, subsequent incumbrancers, purchasers in possession, or other adverse possession based upon some lien. Sumner v. McKey, 89 Ill. 127; Union Trust Co. v. Trumbull et al., 137 Ill. 146, 27 N. E. 24; Hooven v. Burdette, 153 Ill. 672, 39 N. E. 1107; Grafe v. Schoenhofen Brewing Company, 78 Ill. App. 570; Allcock v. Loy, 100 Ill. App. 574; Hansen v. Bruckman, 152 Ill. App. 18; Hock v. Mager-

stadt, 124 Ill. App. 140. In re Antigo Screen Door Co., 123 Fed. 249, 59 C. C. A. 248.

There can be no doubt but that, under the Illinois statute, Blomberg perfected his lien as against the general creditors of the bankrupts by causing his mortgage to be recorded before any subsequent title attached. Assuming, then, as is here conceded, that the original execution and delivery of the note and chattel mortgage were made in good faith, that the makers were solvent at the date of the transaction, that there was no fraudulent withholding of the mortgage from record, and that the whole transaction was had in good faith, did the recording of the mortgage within the four-month period bring the subject-matter within the disabilities of section 60a? The referee held that it did, basing his opinion upon First National Bank of Buchanan Co. v. John A. Connett, Trustee, etc., 142 Fed. 33, 73 C. C. A. 219, 5 L. R. A. (N. S.) 148, and Loeser, Trustee, etc., v. Savings Deposit Bank & Trust Co., 148 Fed. 975, 78 C. C. A. 597. The case first named came to the Circuit Court of Appeals for the Eighth Circuit from the Western District of Missouri. The decision of the Court of Appeals is based upon the construction of the Missouri statute by the Missouri courts, given before the amendment of 1903 to section 60a. "If," says the court, "one (a mortgage) is given before (the four months period) but is recorded within that period, and, under the local law, the fiction of relation back to the date of execution is not indulged in, but, on the contrary, the instrument is deemed to have first come into existence as a mortgage, when recorded, the trustee may likewise defeat it if the condition of a voidable preference appear." The Illinois Supreme Court in Dean v. Plane, 195 Ill. 500, 63 N. E. 274, has held that a transfer takes place as of the date of the execution and delivery of the note and mortgage.

The facts in Loeser v. Savings Deposit & Trust Co., supra, so far as material here, were conceded by the holder of the mortgage to be as follows, viz.:

"That at the time the chattel mortgage was executed by Cassie L. Chadwick, to wit, April 27, 1904, and delivered to J. C. Hill, its president, that said Cassie L. Chadwick was insolvent and that said J. C. Hill as president of said bank had reasonable cause to believe at that time that she was insolvent, and that such condition existed on the 22d day of November, 1904." (The date when possession was taken and the mortgage recorded.)

Manifestly, this case comes within the language and meaning of section 60a. Neither of the two, however, are here in point upon the facts. We do not concur in the construction given to section 60a by the referee and sustained by the District Court as applied to the present case. That section applies to cases "where a preference consists in a transfer." Here the transfer when made constituted no preference. If the word "required" of section 60a is to be construed as referring to a transaction which would be invalid for all purposes, then it does not apply to the case in hand, for the recording of the mortgage is not required in that sense under the Illinois statute. The recording laws are only for the purpose of notice. Dean v. Plane, 195 Ill. 495–500, 63 N. E. 274. This construction of section 60a does not strike at the object sought to be attained by the amendments of

1903. It would formerly have been an easy matter to make a preferential transfer prior to the beginning of the four-month period, and withhold the transfer instrument from record until after the period had begun to run, thus defeating the benefit contemplated by the creation of that period. Manifestly Congress must have construed the law as it then stood as making the transfer to date from the time it was actually made, without regard to the date of filing for record. Therefore a transfer, though fraudulent, could not have been attacked, even though the instrument evidencing the transfer were recorded within the four months. In order to cure this, the amendment was added, so that no fraudulent transfer constituting a preference could escape the four-month provision unless the recording was effected prior to that period.

In Eppstein v. Wilson, 149 Fed. 197, 79 C. C. A. 155, the Circuit Court of Appeals for the Fifth Circuit sustained the lien of an unregistered chattel mortgage given only six days before the petition in bankruptcy was filed to secure an existing debt, on the ground that:

"The referee does not find that the bankrupt was insolvent at the time the mortgage was executed, or that there was any fraud in the inception or execution of the mortgage."

This involved the Texas statute which is, so far as the question here involved, substantially like that of Illinois as interpreted by the Illinois courts.

In Meyer Bros. Drug Co. v. Pitkin Drug Co., 136 Fed. 396, 69 C. C. A. 240, the same court held that under the Texas statute a chattel mortgage made and delivered more than six months before the filing of the petition in bankruptcy, but recorded only 22 days before such filing, was a valid lien, there being no proof of insolvency or fraud at the time the transfer was made. "We think," says the court, "it follows that the chattel mortgage in this case was valid between the bankrupt and the holders thereof, and as to all parties shown to be interested in the bankrupt's estate, whether the said mortgage was recorded or not. It cannot be said, therefore, that the mortgage was one required to be registered or recorded under section 3328 of the Revised Statutes of Texas of 1895, nor that the granting of said mortgage constituted a preference within the four months under section 60a of the bankrupt law."

To the same effect is In re Doran, 154 Fed. 467, 83 C. C. A. 265, decided by the Circuit Court of Appeals for the Sixth Circuit in 1907 construing the Kentucky law, which in substance is the same as that of Illinois.

In re Beckhaus, 177 Fed. 141, 100 C. C. A. 561, relied upon by the trustee herein, is not in point. In that case one Rasmussen sought to recover certain personal property from the trustee claiming the same under and by virtue of a certain unrecorded preferential agreement or conveyance made when the bankrupt was insolvent, which property was never reduced to possession by Rasmussen.

The effect of the amendment to section 60a upon the record within the four-month period and prior to the filing of the petition in bankruptcy of a transfer valid when made was not before or considered by

the court. It was there held that the trustee, under the facts of that case had sufficient title to refuse to recognize the transfer, following, in substance, the decision of this court in Re Bement, 172 Fed. 98, 96 C. C. A. 412.

While there may be found in the reports cases which seem to hold contrary to the foregoing; an examination of each case will disclose that the decisions in such cases are based upon construction of the several state statutes by the local or state courts.

The order of the District Court appealed from is reversed, with directions to proceed further in accordance herewith.