## Commonwealth *versus* Hackett.
## Hackett *versus* Commonwealth.

1. No particular words are necessary to constitute a devise of real estate. A testamentary clause disposing of "all the rest, residue and remainder of my estate" will, in the absence of a contrary intention apparent in the will, pass residuary realty as well as personalty; and, by virtue of the Act of April 8th 1833, after-acquired real estate will pass under such clause.

2. The terms of the deed of trust in this case held to create a vested remainder in the grantor's mother, and not to operate as a testamentary instrument.

3. The Commonwealth claimed collateral inheritance tax upon certain real estate upon the ground that the same passed, on the death of A., intestate, to his sister, B. She denied that she acquired any title direct from her brother; claiming that she took as devisee of her mother, in whom she averred an estate in remainder had vested by virtue of a deed of trust executed by A. in his lifetime. *Held*, that under the true construction of the said deed of trust and will, B.'s contention was correct, and therefore collateral inheritance tax did not accrue.

March 6th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., did not sit.

WRITS of error to the Court of Common Pleas of *Northampton county :* Of January Term 1883, Nos. 214 and 219.

Case stated, wherein the Commonwealth of Pennsylvania was plaintiff, and Mary M. Hackett and Joseph Hackett were defendants.

The question of law was whether, upon the death of George H. Barnet, collateral inheritance tax was payable on certain property to which his sister, Mrs. Hackett, became entitled. And this involved the further questions whether under a certain deed of trust executed by George H. Barnet in his lifetime his mother Elizabeth Barnet took a vested or a contingent estate ; and if a vested estate whether the same passed under her will, which she had made prior to her acquisition thereof. The court below held that Mrs. Barnet took a vested estate, which, however, as to the real estate, did not pass by her will; and entered judgment for the Commonwealth for a portion only of the tax claimed ; whereupon each party took a writ of error.

The case stated was as follows :—

It is agreed by the parties hereto that a case be stated between them for the opinion of the said Court, with leave for either party to take a writ of error. It is also agreed that the following are the facts which shall be submitted :

George H. Barnet, of the borough of Easton, having inherited real and personal estate to the amount of about sixty thousand dollars from his father, William Barnet, then recently

deceased, and being improvident, made a deed of trust of part of his said inheritance, of which the following is a copy :

Know all men by these presents that I, George H. Barnet, one of the children and heirs of William Barnet, late of the Borough of Easton, in the County of Northampton, and State of Pennsylvania, deceased, do hereby grant, assign, transfer and deliver unto Benjamin F. Riegel, of the said Borough of Easton, money and securities to the amount of thirty thousand dollars out of the share of the estate of my late father, now in the hands and possession of Elizabeth Barnet and Joseph M. Hackett, administrators, &c., of the said William Barnet, deceased, belonging to me, and I hereby order and direct the said administrators to transfer and deliver out of my share of said estate, securities and money to the amount of thirty thousand dollars as aforesaid. And the said Benjamin F. Riegel shall hold the money and securities so to be received by him upon the special trust and confidence that he will collect and receive the interest and income arising from the said money and securities, and shall annually, as the same is received, pay and deliver the same to me for my own sole use and behoof.

And further, the said Benjamin F. Riegel shall, at such time as may be proper and suitable in his discretion and according to the best of his judgment, pay, transfer and deliver to me the principal sum of money as shall then be in his hands, and also all the securities which he shall then hold as trustee for me. The said trustee shall also be at liberty during the continuance of the said trust to make such investments and changes of investment of the said money and securities as he shall deem best.

Witness my hand and seal, the 17th day of July, A. D. 1872.

G. H. BARNET. [Seal.]

Witness—H. GREEN.

Acknowledged July 19th 1872; recorded 28th August, A. D. 1872, in Book of Miscellanies, Vol. 14, p. 564, &c.

Afterwards, on the 8th day of July, A. D. 1878, the said Geo. H. Barnet made and executed a second deed of trust in lieu of the one above set forth, which second deed of trust is as follows :

Whereas, I, George H. Barnet, of the Borough of Easton, Pennsylvania, by a deed of grant and assignment, dated the 19th day of July, A. D. 1872, did grant, assign and transfer unto Benjamin F. Riegel money and securities to the amount of thirty thousand dollars out of my share of the estate of my deceased father, William Barnet, upon the special trust and confidence that the said Benjamin F. Riegel would collect and

receive the income, interest and dividends of the said money and securities, and would pay and deliver the same to me for my own use and behoof, and to pay over and deliver the principal of the said trust fund to me at such times as he might in his own discretion think it proper and suitable so to do; and whereas, by the said instrument, I also gave power and authority to the said Benjamin F. Riegel to change the said investments of the said money and securities as he should think best.

And whereas, circumstances have now occurred which make it very desirable that a portion of the said money and securities should be invested in the purchase of the real estate which I now own and occupy on Northampton street, in the borough of Easton, aforesaid, in consequence of the same having been seized in execution by creditors holding judgments against me, who are about to sell the same.

And whereas, I also desire to make some change in the trust upon which the said money and securities in the hands of the said Benjamin F. Riegel are now held.

Now, therefore, know all men by these presents, that I, the said George H. Barnet, do order and direct and appoint, and do especially authorize and empower the said Benjamin F. Riegel (he in the exercise of his discretion concurring herein) to take, appropriate and apply of the said money and securities in his hands, under the above-mentioned deed of grant and assignment, so much as may be necessary for the purpose, and with the same purchase at any sheriff's sale, which may be had thereof, the house and lot situate on Northampton street, in the said borough of Easton, adjoining the Franklin House on the west and ground of Adolph Groetzinger on the east, and now owned and occupied by me, and that he shall take title thereto from the sheriff upon the following trust, to wit : To have and to hold the same in trust, to collect and receive the rents, issues and profits thereof, and after paying all taxes, repairs, insurance and expenses incident to the trust, to pay over the residue to me or for my use as a provision for my support and subsistence, without liability in his hands for any debts which I may contract, with power and authority also to my said trustee whenever he in his discretion may think proper to sell the same at public or private sale for such price as he may think fit. If my said trustee shall not think fit to sell the said premises at any time during my life he shall hold the same upon the above trust during the whole time of my natural life, and after my death in trust for my mother, Elizabeth Barnet, and her heirs, to be conveyed to her or them in fee simple. And in case my said trustee shall sell the said premises during my life he shall hold the proceeds of such sale upon the same trust above mentioned for my support and maintenance during my life, and

[Hackett *v.* Commonwealth.]

after my death shall pay the same over to my mother, Elizabeth Barnet, or to her heirs should she then be dead.

And I do further direct, order and appoint that my said trustee shall hold the remainder of the money and securities which shall be left in his hands after purchasing the aforesaid real estate and premises, and any other personal estate to which I am now or may hereafter become entitled, in trust for the payment of the income thereof, less all taxes and expenses of the trust, to me for my support and maintenance during the term of my natural life, and after my death in trust to pay over any balance of income and all the principal sum which may be in his hands, less all taxes, charges and expenses incident to the trust, unto my mother, Elizabeth Barnet, or to her heirs.

I also further direct my said trustee to pay out of the income of my estate in his hands the annual interest due to my said mother, Elizabeth Barnet, upon the amount charged upon the said premises for her use during her life.

In witness whereof I have hereunto set my hand and seal the 8th day of July, in the year 1878.

GEORGE H. BARNET. [Seal.]

Attest—JOHN EVANS.

Acknowledged July 8th 1878, and recorded August 5th 1878 in Book of Miscellanies, No. 17, page 142, &c.

The said Benjamin F. Riegel accepted the said trust.

Mrs. Elizabeth Barnet, the mother of the said George H. Barnet, died on the 13th day of December, A. D. 1879, having first made her last will and testament, dated October 11th 1876, which since her decease was duly proved, whereby she gave one-half of the rest and residue of her estate to Daniel Black, in trust, &c., for her son, the said George H. Barnet, for life, and after his death she gave the principal of said trust fund unto the children of her said son, lawfully begotten, and if he shall die without leaving lawful issue then she gave the same to her daughter, Mary M. Hackett, for her own proper use and behoof, or if she shall then be deceased, to her children in equal shares, and the other half of the said rest and residue she gave to her daughter, the said Mary M. Hackett, absolutely ; a copy of which will is hereunto annexed and made a part hereof.

That the said George H. Barnet died on the 16th day of July, A. D. 1882, intestate and without lawful issue.

That the said Mary M. Hackett is still living, and has survived her mother, and her brother, the said George H. Barnet.

That the said Benjamin F. Riegel, trustee, soon after the second above deed of trust was executed to him, purchased the house and lot on Northampton street, as therein was contemplated, for the sum of $18,741.85, and he held the same for

[Hackett *v.* Commonwealth.]

the purposes of his trust up to the said George H. Barnet's death, but has since conveyed it to the said Mary M. Hackett in fee simple.

That since the decease of the said George H. Barnet, he has settled a final and full account of his said trust, and he had then in his hands the additional sum of $9,817.66 in cash, making altogether (by including the house and lot), the sum of $28,559.51. All of which has been transferred to the said Mary M. Hackett.

The said two deeds of trust were made for the bona fide purpose of protecting a part of the said George H. Barnet's inheritance from his own improvidence, so as to insure to him an income for his support during life.

It is also agreed that the said sum of $28,559.51 is a full and fair valuation of the net estate of the said George H. Barnet, and that the sum of $18,741.85 is a full and fair valuation of the said house and lot on Northampton street.

It is agreed :

1. If the court shall be of the opinion that the Commonwealth of Pennsylvania is entitled to collateral inheritance tax on the said sum of $28,559.51, so as aforesaid passing to the said Mary M. Hackett, then judgment to be entered in favor of the plaintiff for the sum of $1,427.98, with costs of suit.

2. If the court shall be of opinion that collateral inheritance tax is due on any part of the said sum of $28,559.51, then judgment to be entered in favor of the plaintiff for five per cent. on the sum so found liable to said tax, with costs.

3. If the court shall be of opinion that neither the said sum of $28,559.51, nor any part of it is liable to collateral inheritance tax under the facts hereinbefore stated, then judgment to be entered in favor of the defendants, with costs.

COPY OF WILL OF ELIZABETH BARNET.

I, Elizabeth Barnet, widow of William Barnet, deceased, of the borough of Easton, in the county of Northampton, and Commonwealth of Pennsylvania, do hereby make, publish and declare this to be my last will and testament, hereby revoking and making void all wills by me at any time heretofore made.

First. I order and direct that all my just debts and funeral expenses be paid by my executor hereinafter named.

Second. I give and bequeath unto my daughter, Mary M. Hackett, the sum of $8,000, to be paid to her by my executor hereinafter named as soon as conveniently may be after my decease.

Third. I give and bequeath all my furniture and household goods to my two children, Mary M. Hackett and George H.

[Hackett *v.* Commonwealth.]

Barnet, to be equally divided between them according to the appraisement thereof by the appraisers of my estate.

Fourth. All the rest, residue and remainder of my estate I order and direct to be equally divided into two shares, one of which I give and bequeath unto my daughter, Mary M. Hackett, her heirs and assigns, and the other I give and bequeath unto Daniel Black, of the borough of Easton, in trust, that he will invest the same in such good and sufficient securities as he may think best, and will pay over the income arising therefrom annually, or at such times as the same may be received to my said son, George H. Barnet, during his natural life, for his support and maintenance, so that the same shall not be liable in the said trustee's hands to be seized, attached or taken for the debts or liabilities of my said son George, and after the death of my said son I give and bequeath the principal of said trust fund unto the children lawfully begotten of my said son, if he shall have any, in equal shares, and if he shall die without leaving lawful issue, then I give and bequeath the same to my daughter Mary M. Hackett, for her own proper use and behoof, or if she shall be then deceased, to her children in equal shares.

Lastly. I hereby nominate, constitute and appoint my son-in-law Joseph M. Hackett to be the executor of this my last will and testament.

In witness whereof I have hereunto set my hand and seal the 11th day of October, in the year 1876.

ELIZABETH BARNET. [Seal.]

After argument, the court, in an opinion filed by MEYERS, P. J., held :—1. That under the provisions of the deed of trust, dated July 8th 1878, set forth in the case stated, "Elizabeth Barnet, in her life, had a vested estate in fee simple in the house and lot, and a vested interest in the personal property mentioned in said deed of trust, and that she had a right to dispose of it by will, subject to the rights of the said George H. Barnet during his lifetime."

2. " At the time of making her will (dated October 11th 1876), Elizabeth Barnet had no interest in the house and lot under the trust deed subsequently executed by her son George, on the 8th of July 1878. By the 10th section of the Act of April 8th 1833 (Brightly 1476), ' The real estate acquired by a testator, after making his will, shall pass by a general devise, unless a contrary intention be manifest on the face of the will.' By the will of Elizabeth Barnet there is no general devise of the real estate of the testatrix. It is manifest that the residuary estate bequeathed by her only included personal estate, as the share bequeathed to Daniel Black, in trust for her son George, was to be invested in securities, the income thereof to be paid

annually, or at such times as the same may be received, to her son George, and the principal of the fund she bequeathed to her daughter Mary. To the extent that Elizabeth Barnet had a vested interest in the personal estate included in the trust deed, though acquired after the making of her will, such interest passed by the will to her daughter Mary, both by the direct bequest to her and by the bequest over to her of the share of George H. Barnet, at his death, in consequence of his dying without lawful issue. As to the interest of Elizabeth Barnet in the house and lot which she acquired, after making her will, she died intestate, the undivided moiety of which descended to her daughter Mary, and the other moiety to her son George. This latter moiety, upon the death of George, who died intestate, and without lawful issue, passed collaterally to his sister Mary, and is, therefore, subject to the payment of the collateral inheritance tax. By the case stated, the house and lot is valued at $18,741.85, the tax on one-half of which, at five per cent., amounts to $468.55."

The court therefore entered the following judgment:—— "And now, January 1st 1883, judgment is entered on the case stated in favor of the Commonwealth for $468.55, with costs, in which costs are taxed the sum of $46.85, and allowed to James W. Wilson, attorney for the Commonwealth."

The defendants took a writ of error, and filed the following assignments of error :—1. The court erred in that part of their opinion in which they say : " By the will of Elizabeth Barnet there is no general devise of real estate. It is manifest that the residuary estate bequeathed by her only included personal estate."

2. The court erred in that part of their opinion in which they say : " Elizabeth Barnet died intestate as to her interest in the house and lot which she acquired after making her will, of which one undivided moiety descended to her daughter Mary, and the other moiety to her son George." ·

3. The court erred in deciding "that the moiety which descended to Mrs. Barnet's son George upon his death passed collaterally to his sister Mary, and is, therefore, subject to the payment of the collateral inheritance tax."

4. The court erred in giving judgment in favor of the Commonwealth for $468.55 tax, and $46.85 attorney's commission.

5. The court erred in not entering judgment, with costs, in favor of Mrs. Hackett, the defendant in the case stated.

The Commonwealth also took a writ of error, assigning for error that "the court erred in not entering judgment for the plaintiff for $1,427.98 with costs."

The two cases were argued together.

*James W. Wilson*, for the Commonwealth; argued (1) That the deeds of trust constitute a testamentary paper, under which Mrs. Barnet took no estate in the lifetime of the grantor. (2) The estate thereby transferred, being intended to take effect after the death of the grantor, was within the letter and spirit of the Act of April 7th 1826, and its supplement of April 22d 1846, imposing collateral inheritance tax: Frederick's Appeal, 2 P. F. S. 338 ; Frew *v.* Clarke, 30 P. F. S. 178 ; Sheets's Estate, 2 P. F. S. 263 ; Barger's Appeal, 4 Out. 239.

*B. F. Fackenthall*, for Mrs. Hackett, contended that she took a vested interest in the whole of the trust fund, immediately upon the execution of the deed, which she was to enjoy in possession upon the death of George H. Barnet, the settlor ; that she had the right to dispose of her interest therein by will, and that her will, although made prior to the deed of trust, disposes of her entire property in the trust fund, whether the same be real or personal estate, and by virtue of her will Mrs. Hackett takes the whole as her legatee and devisee, and takes no part thereof collaterally from her brother.

The court below erred in holding that the residuary clause in Mrs. Barnet's will was ineffectual to pass her said after-acquired real estate, under the Act of April 8th 1833, § 11 : Roney *v.* Stiltz, 5 Wh. 384. The word " estate " in the residuary clause includes real estate, there being no contrary intention expressed in the will : Turbett *v.* Turbett, 3 Yeates 187 ; Tilley *v.* Simpson, 2 T. R. 659 ; 2 Redfield on Wills, 308, § 19, pl. 1, 2 ; Hofius *v.* Hofius, 11 Nor. 305 ; Saumarez *v.* Saumarez, 4 My. & Cr. 331 ; Church *v.* Mundy, 15 Ves. 396. The courts will not adopt a construction of a will which would result in partial intestacy, if it can be avoided : Appeal of Boards of Missions, 10 Nor. 508, 513.

Mr. Justice STERRETT delivered the opinion of the court, October 1st 1883.

The question submitted to the court below, in the case stated, is whether, upon the facts therein recited, the trust estate of George H. Barnet, or any part thereof, is subject to the payment of collateral inheritance tax.

The net valuation of the estate is $28,559.81, including a house and lot valued at $18.741,85. It was claimed, on behalf of the Commonwealth, that, by virtue of the deed executed by George H. Barnet, the property, which was the subject of the trust thereby created, passed directly upon his decease to his sister, the defendant below. On the other hand, she contended that, under the trust deed, their mother, Mrs. Barnet, acquired a vested interest, in remainder, in the trust property, and that

[Hackett v. Commonwealth.]

the same passed to her under their mother's will, one half thereof as an absolute bequest directly to her, and the other half as a bequest contingent upon the decease of her brother George without lawful issue and therefore no part of the property is subject to the tax. The court sustained the contention of the defendant, except as to the real estate, and held that while the will of Mrs. Barnet was sufficient to pass her interest in the personalty, it was inoperative as to after-acquired real estate. Hence it followed that she died intestate as to her vested interest in the house and lot, and, under the intestate law, one moiety thereof passed directly to her daughter, Mrs. Hackett, and the other to her son George, upon whose decease unmarried and without issue the same also descended, through him, to her, and thus became liable to payment of the tax. Judgment was accordingly entered in favor of the Commonwealth, for the tax on half the valuation of the house and lot. To that judgment each of the parties took a writ of error in which substantially the same questions are raised.

For reasons given by the learned president of the common pleas, he was clearly right in holding that, under the deed of trust, executed by George H. Barnet in 1878, his mother acquired a vested estate in the house and lot, and a like interest in the personal property, covered by the trust, which she had power to dispose of by will or otherwise, subject only to the power of sale, given to the trustee, and the life interest of her son George. The precedent estate is so limited by the deed of trust that it would necessarily terminate by the death of George, an event which was certain to occur sooner or later, and the remainder is given to his mother and her heirs. According to the recognized authorities, this gave her an interest in remainder which vested immediately on the execution and delivery of the deed. This feature of the deed distinguishes it from a testamentary paper, and none of the subsequent expressions contained therein changes its character in that respect.

The specification of error relied on by the Commonwealth is not sustained.

The substantial proposition embodied in the second case No. 219, January Term 1883, is that the court below erred in holding that Mrs. Barnet died intestate as to her interest in the house and lot, because she acquired the same after making her will. We have already seen that immediately upon the execution of the deed Mrs. Barnet took a vested interest in the trust fund and property, the enjoyment of which, in possession only, was postponed until the death of her son George, and that the interest thus acquired might be disposed of by will or otherwise during his life-time as well as afterwards. That being the settled construction of the deed, it cannot be doubted that her

[Hackett *v.* Commonwealth.]

after-acquired interest in the personal property of the trust was disposed of by her will, notwithstanding the same was made two years before the deed was executed. The will took effect upon the death of the testatrix, and speaks as of that date. The only question is whether the after-acquired interest in the house and lot also passed by the will. After specifically disposing of a portion of her estate the testatrix orders and directs that " all the rest residue and remainder of my estate shall be equally divided into two shares," one of which she gives to her daughter Mrs. Hackett, and the other in trust for her son George, etc. and in the event of his dying without lawful issue, then to Mrs. Hackett absolutely. The language of the residuary clause is very comprehensive, and if the testatrix had been possessed of real estate when her will was made, it undoubtedly would have passed, as part of her residuary estate, according to the direction contained in that clause. No particular words or form of expression is necessary to constitute a devise of real estate. The Act of April 8th 1833, declares that " the real estate acquired by a testator after making his will shall pass by a general devise, unless a contrary intention be manifest on the face of the will :" Purd. 1476, pl. 11. The effect of the Act is to destroy the distinction between real estate owned at the time of making a will and that acquired afterwards, " unless a contrary intention be manifest on the face of the will." It postpones the operation of the will as to real estate until the death of the testator, and gives to it the same effect as if it had been reduced to writing and signed at the time of his decease : Roney *v.* Stiltz, 5 Whart. 381. There is nothing in the will to indicate that the testatrix intended to die intestate as to any part of her estate. On the contrary, she disposes, in express terms, of all the rest, residue and remainder of her estate. The word estate in applicable alike to real and personal property, and to restrict it to the latter, there should be a clear expression of intention to do so. The residuary clause is quite sufficient to pass real as well as personal estate, and in the absence of a contrary intention, manifest on the face of the will, it must be presumed the testatrix intended to dispose of both.

Judgment reversed, and judgment on the case stated is now entered in favor of the defendants below.