Titus, J.
—This action was commenced in the municipal court by the plaintiff against Oliver A. Jenkins and Andrew J. Kurtz for unlawfully taking money belonging to the plaintiff. It appears from the undisputed testimony that the plaintiff was the owner of certain household furniture in the hotel formerly known as the “Huron House.”
That one James Willis had a chattel mortgage on a portion of the furniture and before the commencement of this action assigned his interest in the claim against the defendant to the plaintiff; the defendant Andrew J. Kurtz had obtained a judgment against Priscilla Strong, mother of the plaintiff, and an execution issued to the sheriff, Oliver A. Jenkins, in the usual form. On the 28th *410 •day of April, 1890, the plaintiff, proceeded to sell the property at auction, apd after thp sale hacl, commenced, the sheriff, by-one of his, deputies, appeai;ed| with an execution against Priscilla Strong, in favor of the defendant, Andrew J. Kurtz, and took possession of the box in, which the proceeds of- the sale were. kept. The sale was continupd, by the auctioneer, and the proceeds put in the box, from which the, sheriff took out $208.07. The plaintiff was not present during the sale.
The, sheriff paid over, this sum to Mr. Loomis, counsel for Kuytz, and by him it was paid to Kurtz and applied on the execution against Mrs. Strong. No, evidence was. offered on behalf of the defendant. After a long direct and cross examination of the auctioneer, the defendant’s counsel offered to show all the facts apd circumstances connected with the taking of the money by the, sheriff, and the court refused to allow further examination ■on that point, After the plaintiff rested his, case the defendant moved for a nonsuit as to both defendants, Jenkins and Kurtz. The court granted the motion as to Kurtz, but denied- it as to defendant Jenkins.
It appears from the return that M. Fillmore Brown was duly .appointed guardian ad litem for the plaintiff, who was an infant, before the commencement of the action, but no formal proof of that fact was made on the trial. The defendant claims on this appeal that proof of the appointment of the guardian should have been made on the trial, and that his motion for a nonsuit should haye been granted. No objection was made on the trial -or on the motion for a nonsuit that no guardian had been appointed, except such as is implied in the motion itself.
The only interest the defendant has in the appointment of a guardian for an infant plaintiff is that he be a person able, or rather of sufficient ability to respond to him for costs, in case the infant is called upon to pay. It is not necessary to make proof ■of the appointment of- the guardian unless the defendant objects that no guardian has been appointed, who will answer- for costs. No objection was taken on the trial, and even if no guardian had been appointed and, the defendant had gone to trial without objection, it would not be ground of reversal. Schermerhorn v. Jenkins, 7 Johns., 373 ; Treadwell v. Bruder, 3 E. D. Smith, 597.
It appears from the return that a guardian was appointed, and the defendant is protected in contemplation of law, and it is now too late to raise to'raise the objection. Donohue v. Henry, 4 E. D. Smith, 162.
The defendant also claims that error was committed by the ■court in refusing to allow a further cross-examination of the auctioneer. We do not think any error was committed by the court in refusing to allow a further cross-examination upon an immaterial matter. The defendant, through his deputies, who were -called as, witnesses on the trial, admitted that he took the money, and that he paid it over to his present counsel, Mr. Loomis, in satisfaction of the Kurtz execution. The evidence is undisputed that -the property belonged to the plaintiff, and the defendant had *411 no right to take it or the proceeds of the sale to satisfy a judgment against Mrs. Strong.
It can make no difference so far as the legal aspect of the case is concerned, how the defendant got possession of the proceeds of the sale, when, as it appears, the plaintiff was not present consenting ; it is sufficient that he took the money without any authority and applied it in satisfaction of an execution against another person.
We think the judgment should be affirmed, with costs.
Beckwith, Oh. J., and Hatch, J., concur.