# Samuel Morganstein v. Commercial National Bank of Chatsworth.

## Gen. No. 4,571.

1. BANKRUPT—*what property in possession of, unaffected by bankruptcy proceedings.* Where property in question in a replevin suit was set off to a bankrupt as exempt, the title thereto did not pass to the trustee in bankruptcy and the same remained unaffected by such bankruptcy proceedings.

2. DISCHARGE IN BANKRUPTCY—*what not affected by.* A discharge in bankruptcy will not preclude a creditor who has filed his claim in the bankruptcy proceeding from enforcing against the bankrupt security held by him against property which remained unaffected by the bankruptcy proceedings.

3. PLEDGE—*what not covered by terms of.* A set of scales and a quantity of rock salt is not covered by a pledge of "iron, junk, hides, etc.," the " etc." being held only to refer to property of the same general character as "iron, junk and hides."

4. PLEDGE—*may cover after-acquired property.* A party can create a lien on after-acquired property.

5. PLEDGE—*character of lien of, upon after-acquired property.* A pledge of after-acquired property confers an equitable lien.

6. REPLEVIN—*when does not lie.* Replevin does not lie to enforce a lien given upon property acquired after its creation by instrument of pledge.

7. MOTION FOR NEW TRIAL—*when not necessary to preserve questions for review.* A motion for a new trial is not necessary to preserve questions for review where the case was tried by the judge without a jury.

Action of replevin. Appeal from the Circuit Court of Livingston County; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed March 10, 1906.

JAMES T. TERRY, for appellant.

A. C. NORTON and R. B. CAMPBELL, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On February 19, 1904, the Commercial National Bank of Chatsworth brought its action of replevin against Samuel Morganstein, for a set of scales, and for certain specified quantities of rock salt, green hides, bones, and assorted old iron. The declaration was in replevin, with a count in trover. The defendant pleaded *non cepit, non detinet,* property in himself and not in plaintiff, and to the count in trover, not guilty. The cause was tried without a jury. Propositions of law were presented and acted upon. The court found plaintiff the owner of the property replevied and entitled to the possession, and gave judgment that the plaintiff have and retain said property. Defendant appeals.

The facts are practically undisputed. On October 23, 1900, defendant, being indebted to plaintiff, executed and delivered to it a paper, the body of which was as follows:

"For and in consideration of money already advanced by the Commercial National Bank of Chatsworth, Ill., the receipt whereof is hereby acknowledged, and for all further advances of money hereafter made for the purchase of iron, junk, hides, etc., the said S. Morganstein hereby agrees that all iron, junk, hides, etc., now in his yard at Chatsworth, Illinois, or held elsewhere or in transit to Chatsworth, Illinois, or in transit to points and destination in shipping same, together with all hides, iron, junk, etc., that may hereafter be purchased by S. Morganstein and held or handled as above described, is and shall be and remain the property of the Commercial National Bank of Chatsworth, Illinois, with the right and power to sell and control same, and to collect all moneys from such sales, the returns of all sales to be made to Commercial National Bank of Chatsworth, Illinois, and after deducting all moneys advanced, and interest and charges on same, the remainder, if any, to be turned over to S. Morganstein."

Said paper was not acknowledged or recorded. The set of scales here replevied was in defendant's possession when said paper was delivered. All the property then owned by defendant coming within the description "hides, iron, junk," which defendant had when he gave this paper, was sold and

disposed of, and his junk yard cleaned out, prior to or during 1902. Except the scales all the property replevied was acquired by defendant after this paper was made and delivered. On the faith of this paper, plaintiff advanced moneys to defendant far in excess of the value of the property, and afterwards obtained a judgment against defendant for over $5,000 upon said indebtedness, and had execution. After that, on November 24, 1903, defendant filed a petition in bankruptcy and was declared a bankrupt. The property in controversy was selected and set-off to him as exempt in said bankruptcy proceedings. Plaintiff's judgment was proved and allowed as a claim against said bankrupt estate. The property of the bankrupt did not pay to exceed fifty cents on the dollar of his indebtedness. The bankrupt was discharged since this suit was begun. Before this suit was begun, plaintiff demanded and defendant refused possession of this property.

We are of opinion that the court below correctly held that the bankruptcy proceedings did not affect the questions here involved. As this property was set-off to the bankrupt as exempt under the laws of Illinois, title thereto did not pass to the trustees in bankruptcy, and it is unaffected by those proceedings. If plaintiff proved its claim in bankruptcy for its entire demand, instead of for the unsecured portion thereof, that is a matter only affecting the other creditors, and in which the debtor is not concerned here. While the discharge in bankruptcy relieved defendant of a personal liability to plaintiff for the debt, it did not prevent plaintiff from enforcing any security it held against the property of defendant.

This instrument was in the nature of a pledge of the property therein named as security for a debt. It was valid between the parties. The set of scales is the only article involved in this suit that was owned by defendant when the instrument was executed. That instrument conveys only "iron, junk, hides, etc." The "etc." must be held only to refer to property of the same general character as iron, junk and hides. There is nothing in this proof to show that a

set of scales would be embraced within those terms. Very likely it was useful in weighing the iron and other articles, but so a horse and wagon might have been useful in transporting the same, and yet, if they happened to be kept in the same yard, we do not suppose it would be claimed that they would pass by this instrument. The suit and recovery includes four tons of rock salt, and there is nothing in this record to show that it was included in the terms of this pledge. The rest of the property is fairly included in the pledge, but was acquired long after the instrument was executed. A party can create a lien on after acquired property in this State. Gregg v. Sanford, 24 Ill., 17. But it seems to be the law in this State that as to such after acquired property, the mortgagee or pledgee does not take a title which he can assert in an action at law against the mortgagor for the possession of the property, as he could do if the property had been in existence when the mortgage was given. What the mortgagee acquires by such mortgage of after acquired property is an equitable lien or charge upon the property. Gregg v. Sanford, *supra;* Borden v. Croak, 131 Ill., 68; Pingrey on Chattel Mortgages, sec. 248; Tennis v. Midkiff, 55 Ill. App., 642. Having only an equitable charge upon the property, plaintiff could not maintain replevin for the future acquired property, and was not entitled to a judgment that it was the owner thereof.

Plaintiff urges that these questions could not be raised without a motion for a new trial. No motion for a new trial is necessary in a case tried without a jury, and the legal propositions here involved were fully covered on both sides by propositions of law presented by the plaintiff and held by the court, and propositions of law presented by the defendant and refused by the court; to all of which action defendant excepted, as well as to the finding and judgment of the court, and preserved said exceptions in his bill of exceptions. The judgment is therefore reversed, and the cause remanded.

*Reversed and remanded.*