### Commercial National Bank v. Samuel Morganstein.

#### Gen. No. 4,841.

This case is controlled by the decision in Morganstein v. Commercial National Bank, 125 Ill. App. 397.

Replevin. Appeal from the Circuit Court of Livingston county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed August 6, 1907.

A. C. NORTON, for appellant.

JAMES T. TERRY, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This is a replevin by the bank against Morganstein. The case was before us in Morganstein v. Commercial National Bank, 125 Ill. App. 397, where we held that part of the property was not covered by the instrument relied upon by plaintiff, and that the rest of the property sought to be replevied was after acquired and that replevin could not be maintained therefor. We, however, remanded the case. It was again tried by the court, without a jury, upon the evidence heard at the former trial, and upon some further evidence introduced by Morganstein of the same tenor as that introduced by him before. The court, in its rulings on propositions of law presented by the parties, followed our decision and gave judgment against the plaintiff. This is an appeal therefrom.

Appellant contends that our former decision is only that it could not, in an action of replevin, recover the *title* of these after-acquired goods, but that we did not decide that it could not recover their *possession* in replevin and it argues that replevin will lie to recover the possession of after-acquired goods under the circumstances stated in our former opinion. In taking this position appellant overlooked this language from our former opinion: "As to such after-acquired property the mortgagee or pledgee does not take a title which he can assert in an action at law against the mortgagor for the possession of the property." If appellant had been of opinion that that decision was erroneous and that replevin could be maintained for the *possession* of after-acquired property, it should have asked for a rehearing. It did not do so. Our former decision was therefore conclusive upon the parties, and upon the court below, that replevin could not be maintained. Moreover, we are still of opinion

that the only remedy appellant has to enforce its equit-able rights, if it has a remedy, is by bill in equity. Appellant asks in its brief how it shall obtain pos-session of the property to enforce its lien. The answer is, by a receiver appointed by a court of equity under its ordinary jurisdiction to enforce equitable liens, if it files a bill and states a case which entitles it to a receiver. If it does not state such a case, then it will not be able to get possession. We only decide that if it has a remedy to enforce its debt against property acquired after the mortgage was executed, that remedy is in equity.

The judgment is affirmed.

*Affirmed.*