Fleck *v.* Harmstad et al., Kingsley, Appellant.

Argued May 13, 1931.   Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Robert Dechert,* of *Dechert & Bok,* for appellant.—
Edwin Harmstad by his will validly disposed of his un-

divided one-fifth (⅕th) interest in the real estate which is the subject-matter of this suit: Miller's App., 113 Pa. 459; Raudenbach's App., 87 Pa. 51; Little's App., 81 Pa. 190; Reimer's Est., 159 Pa. 212; Stehman v. Stehman, 1 Watts 466; United Presbyterian Church Board of Missions, 91 Pa. 507.

The circumstances surrounding a testator at the time he makes a will must be considered in construing it: Postlethwaite's App., 68 Pa. 477; Webb v. Hitchins, 105 Pa. 91; Stoler's Est., 293 Pa. 433; Talbot v. Anderson, 292 Pa. 454.

A residuary clause mentioning personalty may include realty: Swentzell's Est., 294 Pa. 261; Talbot v. Anderson, 292 Pa. 454; Ostrom v. Datz, 274 Pa. 375; Glass v. Morgan, 241 Pa. 240; Jacob's Est., 140 Pa. 268; Miller v. Boyd, 8 Pa. D. & C. 52; Butler's Will, 37 Pitts. L. J. 122.

The words "all" and "etc." in this will are sufficient to include realty: Bruckman's Est., 195 Pa. 363; Com. v. Hackett, 102 Pa. 505; Wright's App., 89 Pa. 67; Hofius v. Hofius, 92 Pa. 305; William's Est., 302 Pa. 462; Walker v. Shugert, 292 Pa. 433.

The description of real estate in item 4 of will was intended merely as a statement of testator's known lands and not as a limitation: Talbot v. Anderson, 292 Pa. 454; Jacob's Est., 140 Pa. 268.

*Herbert A. Speiser,* with him *Maurice J. Speiser,* for appellee.—In every definition by this court as to the essentials of effective testamentary intent that we have been able to find, we find a constitutent element to be a full knowledge of the property possessed by the testator is essential to make it effective: Wilson v. Mitchell, 101 Pa. 495; Snyder's Est., 279 Pa. 63; Lawrence's Est., 286 Pa. 58; Douglass's Est., 162 Pa. 567, 569; Miller v. Oestrich, 157 Pa. 264, 275; Tallman's Est., 148 Pa. 286; Shaver v. McCarthy, 110 Pa. 339.

What in truth paragraph three of the will of Edwin Harmstad constitutes is the creation of a particular

residuary gift and not a general residuary gift or devise. This is made plain by the case of Jull v. Jacobs, 3 Chanc. Div. 903, as well as by our own cases of Delamater's Est., 1 Wharton 362; Swan's Est., 238 Pa. 430; Levy's Est., 161 Pa. 189; Thompson's Est., 229 Pa. 542.

The following cases control: Miller v. Bower, 260 Pa. 349; Price's Est., 169 Pa. 294.

OPINION BY MR. JUSTICE MAXEY, June 27, 1931:

On May 10, 1863, George R. Harmstad died seized of certain real estate situate in Philadelphia. His will, dated January 11, 1859, was duly probated. The final remainder under that will, by adjudication of the Orphans' Court of Philadelphia County was on March 12, 1929, declared invalid for violation of the rule against perpetuities. As a result it was held that title to certain real estate of which Harmstad died seized was vested from 1863 in Harmstad's heirs at law. Harmstad was survived by four brothers and one sister, each of whom took a one-fifth interest in the real estate in question. One of these brothers, Edwin Harmstad, died in 1887, leaving a will dated March 9, 1880, duly probated in 1887. Under it the sole beneficiaries were his foster daughter, Mary G. Kingsley, and her children, Mary G. Kingsley, Jr., and William H. Kingsley. The question before us is whether the terms of the will of Edwin Harmstad were effectual to dispose of an interest to him then unknown which he had in his brother's estate. It was not determined that he had an interest until forty-two years after his death. Mary G. Kingsley, the foster daughter of Edwin Harmstad, died intestate and a widow on March 28, 1926. Her son, William H. Kingsley, the appellant, survived her as her only heir at law.

On May 9, 1929, Annie D. Fleck filed a bill in equity in partition, averring that she and certain of the defendants named in the bill owned the realty which is the subject of this controversy, as tenants in common, and asking for a partition. By agreement, this proceeding

was discontinued and a new bill in equity was filed in the same court, term and number on August 5, 1930. William H. Kingsley was made a defendant in this proceeding, but it was averred in the bill that he had no interest in the property. Kingsley filed an answer to the bill, and after argument the court below entered a decree that Edwin Harmstad died intestate as to the real estate concerned in the proceedings and that William H. Kingsley had no interest in the real estate.

The third paragraph of the will of Edwin Harmstad reads as follows: "I give and bequeath all my Household goods, wearing apparel and Jewelry &c unto my friend Mary G. Kingsley wife of the late William Kingsley of the said City of Philadelphia Restaurateur." The appellant claims that this provision was sufficient to vest in Mary G. Kingsley, the appellant's mother, the interest in the real estate which the testator at that time did not know he owned, but which by the adjudication of 1929 was held to have vested in him sixty-six years previously.

A discussion of the intention of the testator, Edwin Harmstad, with respect to the real estate in question avails us nothing, for Harmstad was entirely without knowledge at the time he made his will and at all times thereafter that he had any interest in this real estate. One cannot have any intention toward a thing of whose existence he is unaware. The fundamental question before us is whether the will contains sufficient words to pass the real estate in question. The will contained no general residuary clause, and paragraph three of the will cannot be construed as such.

In Swan's Est., 238 Pa. 430, it was held that where a testator bequeathed all his personal property not already disposed of by his will, "consisting of stocks, bonds, rents, uncollected balances on sales of real estate," to his five children, this was a residuary gift of the testator's personal estate which would not embrace the rents and uncollected balances accruing after his

death. It was held that the testator died intestate as to that portion of his realty which had not been devised in other portions of his will.

In Thompson's Est., 229 Pa. 542, this court said: "His [the testator's] intention must be ascertained from the words employed in the will, and neither surmises as to such intention nor the application of rules of construction can be permitted to defeat it. While it is true that in construing any part of a will the entire instrument must be considered, yet this rule, like all other rules of interpretation, is only available when a necessity for its application arises. There can be no such necessity when the testator uses language that is plain and certain in its meaning, and there is no conflict in the different provisions of the will. A general scheme of distribution cannot be attributed to the testator which will defeat the intention to dispose of the estate clearly disclosed by the plain and express language of the will." In that case the testator gave his wife one-half of his personal property, less $2,500, all of his household furniture, one-half of the income from his real estate until it is sold, and the use of his home so long as she desired to live there. This court held that the widow was "entitled to one-half of his goods, chattels, securities and moneys. Under no pretense could the words 'personal estate' have been construed to include the real estate, so as to give her the one-half of it." The court said: "The testator knew that he was possessed of both personal and real estate, and he recognized the distinction between them." In the case before us, the testator obviously recognized the distinction between realty and personal property and chose an apt word with which to dispose of his personal property and an apt word with which to dispose of all the real estate he knew he had. In the third paragraph of his will he says, "I give and bequeath all my Household goods, wearing apparel and Jewelry &c." In the fourth paragraph of his will, he "gives, devises and bequeathes" cer-

tain houses to Mary G. Kingsley and Mary G. Kingsley, Jr., and William H. Kingsley.

"Bequeath" is properly applied to gifts by will of personal property, and not realty: Logan v. Logan, 17 Pac. 99; Delafield v. Barlow, 14 N. E. 498.

The term "devise" is the proper term to be used in a will to denote a gift of real property, although it has sometimes been construed as sufficient to pass personal property: Oothout v. Rogers, 15 N. Y. Supp. 120, 122.

It is true that the word "devise" is sometimes used in a will interchangeably with "bequeath," and a departure from the precise use of these terms will not invalidate either the bequest or the devise, and no particular words are necessary to constitute a devise of real estate (Com. v. Hackett, 102 Pa. 505), but nevertheless the fact that the testator Harmstad used "bequeath" in paragraph three and "devise and bequeath" in paragraph four is some evidence that in paragraph three he had in contemplation only personal property, and in paragraph four he had in contemplation real property.

In order to sustain the appellant's contention, we would have to hold that the symbol "&c" in paragraph three was sufficiently comprehensive to embrace the real estate. Appellant argues that in Pennsylvania residuary clauses expressly mentioning only personalty have been held to include real estate, and he cites Swentzell's Est., 294 Pa. 261. In that case this court held that the words "personal estate" in a residuary clause of a will were sufficient to pass both real and personal property. In the will before us there is no residuary clause. Furthermore, the phrase "personal estate" as used in the Swentzell will is a much more comprehensive phrase than the symbol "&c" used in the will before us.

Appellant also cites Talbot v. Anderson, 292 Pa. 454. There there was also a residuary clause, and this court held that the word "money" as used in that clause included both realty and personalty.

Ostrom v. Datz, 274 Pa. 375, is cited by appellant. In that case there was a residuary clause, and this court held that the word "money" as used in the residuary clause embraced both realty and personalty. This court said in that case: "It is apparent from the will before us that in using the word 'money' in the connection he did, testator intended to dispose of all his property remaining after the specific devise and bequests."

Appellant also cites Jacobs's Est., 140 Pa. 268. In that case there was a residuary clause. It was held that the word "money" as used in that clause included real estate, and this court there said: "That the word 'money' is popularly known and used as indicating property of every description is well known. Thus, it is very common to refer to a person as a 'moneyed man' because of his large possessions. Yet those possessions may consist exclusively of real estate. It appears very plain to us that this testatrix used the word 'money' in its popular sense as the equivalent of property, and that she intended all her estate to pass by the residuary clause."

The appellant asks us to go beyond these cases and construe in a testamentary clause which is not residuary the symbol "&c" as inclusive of real estate exactly as the words "money" and "personal property" have been judicially construed as including real estate. This we cannot do. The word "money" is popularly and correctly used as indicating property of every description, whereas the symbol "&c" is invariably used as indicating things of like character with the things enumerated just before it.

The character "etc." means "others of the like kind; and the rest; and so on": Lathers v. Keogh (N. Y.), 39 Hun. 576, 579. "Etc.," as used in a pleading alleging damages to furniture, etc., was held to be meaningless: Whitmore v. Bowman (Iowa), 4 G. Greene 148, 149. "Etc." is equivalent to saying, "and others," which is not a specific designation of anything; and an appropriation for certain described objects, etc., is not a spe-

cific appropriation within the Constitution: State v. Wallichs, 11 N. W. 321. "Etc." imports other purposes of a like character to those which have been named: In re Schouler, 134 Mass. 426, 427. "Etc." as used in a will giving all the balance "of my books, furniture, etc.," means other things of the same character, and, though it carried to the devisee a piece of statuary, photographs, views, drawings, and portfolios, it did not include articles of wearing apparel and of personal ornament and use: Tefft v. Tillinghast, 7 R. I. 434, 436.

In Webster's International Dictionary, "etc." is defined as: "And others (of the like kind); and the rest; and so on; and so forth;—used to point out that other things which could be mentioned are to be understood."

The term "etc." is defined in the Century Dictionary as: "And others; and so forth; and so on; generally used when a number of individuals of a class have been specified to indicate that more of the same sort might have been mentioned, but for shortness are omitted." See also Bagley v. Rose Hill Sugar Co., 35 South. 539, 548.

The words "et cetera" mean "and others" or "and other things of the like character": Doty v. Am. T. & T. Co., 130 S. W. 1053; Louisville & N. R. Co. v. Sewell, 134 S. W. 162, 164.

A set of scales and a quantity of rock salt are not covered by a pledge of "iron, junk, hides, etc.," the "etc." being held only to refer to property of the same general character as "iron, junk and hides": Morganstein v. Commercial Nat. Bank of Chatsworth, 125 Ill. App. 397, 399.

Appellant cites Chapman v. Chapman, L. R. 4 Ch. Div. 800, where a testator directed his freehold estate to be sold, and his debts to be paid by his widow, his sole executrix, and then bequeathed to her "all my money, cattle, farming implements, etc., she paying [the] sum of ......" It was held that the widow was entitled to the whole of the testator's property, including realty,

after the payment of debts and expenses. It should be observed that the word "etc." in that bequest follows the word "money" as well as the words "cattle" and "farming implements." As we said in Williamson's Est., 302 Pa. 462, money has been defined in Webster's New International Dictionary as "wealth reckoned in terms of money; capital considered as a cash asset." The phrase "money, etc." could under these circumstances properly be construed as including real estate. Furthermore, in the case cited by appellant, JESSEL, M..R., seems to have based his conclusion largely upon the fact that the testator directed that all his debts be paid by his wife. The opinion asks, "How is she to pay them? If she is to pay them out of his property, then plainly she must take his property. Looking at the whole of the will, what the testator means is that she is to take everything he has in the world, she paying his debts and legacies." This decision does not support appellant's proposition that a bequest of "&c" after enumerating household goods, wearing apparel and jewelry is sufficient in itself to pass real property. In the case before us the testator obviously meant to give to Mary G. Kingsley all his household goods, wearing apparel, jewelry and other things of like character. Real estate is not of like character with the things enumerated.

In Barnaby v. Tassell, L. R. 11 Eq. 363 (1870), the testator bequeathed "all my furniture, &c., with my six freehold houses" to his wife for life. He possessed at the time of his death some water works shares. In this case Sir JAMES BACON, V. C., said: "Upon the first point, that the expression '&c' refers only to property ejusdem generis, and does not carry the water works shares,......I have no doubt whatever."

Real estate is entirely too heavy a load to be carried by a bequest of the symbol "&c" following the enumeration of household goods, wearing apparel and jewelry. The testator, Edwin Harmstad, died intestate as to the

real estate in controversy, and William H. Kingsley acquired no interest in it.

The decree of the court below is affirmed at the cost of appellant.