## Kowaleski v. Mangle et al.

*W. Irvine Wiest,* for plaintiff.
*Charles E. Duncan, Jr.,* for defendants.

TROUTMAN, J., April 28, 1947.—This is a case stated. The pertinent facts agreed upon are that Michael Kowaleski, on March 24, 1925, prior to his death, was seized in fee of the following real estate, namely, all those eight certain outlots situate, lying and being in the Village of Trevorton, Township of Zerbe, Northumberland County, Pa., known, numbered and designated on the general plot or plan of the Village of Trevorton as outlots numbered 103, 104, 129, 130, 155, 156, 181, and 182, which map or plan of the Village of Trevorton is recorded in the office of the Recorder of Deeds for Northumberland County, Pa., and on the same date also owned a certain tract of land containing six acres, 118 perches, lying immediately to the east of the said outlets. On March 24, 1925, the said Michael Kowaleski caused a map of the subdivision known as "Greenview" to be recorded in the recorder's office for Northumberland County in Deed Book 216, p. 603, and in subdividing the plot known as Greenview, Michael Kowaleski erected blocks numbered 1, 2, 3, and 4 out of the tract of land lying immediately east of the above designated outlots situate in the Village of Trevorton, and erected blocks 5, 6, 7, 8, 9, 10, 11, 12 and 13 in Greenview aforesaid out of outlots 103, 129, 130, 155, 156 as numbered upon the plan of the Village of Trevorton, said outlot no. 156 being replotted as blocks 5 and 6 in the subdivision known as Greenview, outlot no. 155 being replotted as blocks 7 and 8 in Greenview, outlot no. 129 being replotted as blocks 9 and 11 in Greenview, outlot no. 130 being replotted as blocks 10 and 12 in Greenview, and outlot no. 103 being replotted as block 13 in the subdivision known as Greenview. Some time thereafter, prior to his death, the said Michael Kowaleski conveyed the whole of blocks 1, 2, 3 and 4, as numbered upon the plan of Greenview, together with all land

owned by him immediately south thereof, the same being unplotted land, lots 1 and 2 in block no. 10 in the subdivision of Greenview, and lots 9 and 10 in block 8, as numbered upon the plan of Greenview, so that at the time of his death, the said Michael Kowaleski was the owner in fee, inter alia, of outlots 181 and 182, as numbered upon the plan of the Village of Trevorton, the whole of block 6 in Greenview, composed of nine lots; block 7 in Greenview, composed of 10 lots; block 5 in the subdivision of Greenview, composed of nine lots; and lots 1 and 8, inclusive, of block 8 as numbered in the subdivision of Greenview, all of said blocks and outlots lying south of the State highway leading from Shamokin to Trevorton, Pa.

Michael Kowaleski died October 7, 1929, having first made, published and declared his last will and testament, dated September 28, 1929, which was duly probated October 14, 1929, by the Register of Wills of Northumberland County, Pa., which last will and testament, by reference, is made a part of this case stated.

The last will and testament of Michael Kowaleski provided, inter alia, as follows:

"I give, devise and bequeath unto my son, Joseph S. Kowaleski, M.D. all that certain land or messuage of ground situate, lying and being in the Township of Zerbe, County of Northumberland and State of Pennsylvania, lying south of the state highway leading from Shamokin to Trevorton, Pa., of the farm, tract or piece of land which I now own and of which I may die seized and possessed excepting and reserving, however, therefrom a strip of ground one hundred (100) feet in width along said state highway along the extreme eastern end of the premises hereby given and bequeathed unto my said son, Joseph S. Kowaleski, M.D. and running southwardly of even width in depth

to lands of the Philadelphia and Reading Coal and Iron Company together with the building thereon erected, and to his heirs and assigns forever."

While the plot known as Greenview was subdivided into blocks and lots on the map, said lots and blocks were not staked out on the ground and said subdivision known as Greenview was actually occupied by the said Michael Kowaleski at the time of his death and used by him as a chicken farm on which he raised chickens, chicken feed, and orchard crops; and the buildings erected thereon were those customarily found on farms. In addition, he maintained a cow which he kept in a stable erected on said tract of land.

By various conveyances, the tract of land devised to the said Joseph S. Kowaleski by the terms and provisions of the last will and testament of Michael Kowaleski, deceased, was granted and conveyed to plaintiff herein, Josepha S. Kowaleski.

At the time of his death, Michael Kowaleski owned no real estate in the Township of Zerbe other than that part of the tract he had previously laid out as Greenview which he had not conveyed prior to his death.

On November 20, 1946, plaintiff and defendants entered into a written contract whereby plaintiff agreed to sell and defendants agreed to buy, for the sum of $6,500, the premises devised unto the said Joseph S. Kowaleski by the terms of the last will and testament of Michael Kowaleski. Plaintiff has demanded payment of defendants of the purchase price of the tract of land included in the agreement of sale, but defendants refused to pay the same or any part thereof, on the ground that the said Michael Kowaleski did not devise unto the said Joseph S. Kowaleski the premises described in the description contained in paragraph 14 of the case stated and which was the land included in the agreement of sale.

The question submitted for the determination of the court is:

"Whether the said Michael Kowaleski in devising unto the said Joseph S. Kowaleski that part of his farm situate in the Township of Zerbe aforesaid lying south of the state highway leading from Shamokin to Trevorton, Pennsylvania, excepting a strip of land one hundred feet wide along said state highway at the extreme eastern end of his farm intended to devise all that part of the plot of Greenview lying south of said state highway which he had not conveyed prior to his death and excepting a strip of land one hundred feet wide comprising lots numbered six (6), seven (7), eight (8) and nine (9) in block numbered five (5); lots six (6), seven (7), eight (8) and nine (9) in block numbered six (6) in Greenview, and the eastern one hundred (100) feet in width of outlot numbered one hundred eighty-two (182) as numbered upon the plan of the Village of Trevorton?"

In order to answer the question submitted in this case it is necessary to examine the last will and testament of Michael Kowaleski, deceased. Such an examination discloses that after a bequest in the sum of $1,000 in cash to his granddaughter, the decedent, in the next paragraph of his will, gives and devises to his son, Joseph S. Kowaleski, M.D., the land in Zerbe Township lying south of the State highway leading from Shamokin to Trevorton, Pa., of the farm, tract or piece of land which he then owned or of which he may have died seized and possessed, except a strip of ground 100 feet in width along the State highway along the extreme eastern end of the premises given and bequeathed unto Joseph S. Kowaleski, M.D. This is the tract of land in question in this case.

In the next paragraph of his will, decedent gave and bequeathed unto his son, Walter Kowaleski, all that

certain tract of land situate in Zerbe Township lying north of the State highway leading from Shamokin to Trevorton, Pa., from and out of his farm or tract of land of which he may have died seized and possessed, together with a lot or piece of ground 100 feet in width along the south side of the said State highway and running along the extreme eastern end of his farming premises or homestead, etc., whereon is planted a fruit orchard.

The will contains a residuary clause in which decedent gives and devises all the rest, residue and remainder of his estate, real, personal and mixed property, to be equally divided between his two sons, namely, Joseph S. Kowaleski, M.D., and Walter Kowaleski, share and share alike.

It will be presumed that a testator knows what property he owns and what interest he has therein: Suppes' Estate, 322 Pa. 385. A testator's intention must be ascertained from the words employed in the will, and neither surmises as to such intention nor the application of rules of construction can be permitted to defeat it: Thompson's Estate, 229 Pa. 542; Fleck v. Harmstad et al., 304 Pa. 302, 307.

A careful reading of the will indicates that Michael Kowaleski, by his will, intended to give his land situated in Zerbe Township to his two sons; the son, Walter, to receive the lands lying north of the State highway leading from Shamokin to Trevorton, Pa., together with a piece of ground 100 feet in width along the south side of the said State highway and running along the extreme eastern end of his premises; and to his son, Joseph S. Kowaleski, all of his land in Zerbe Township, lying south of the State highway leading from Shamokin to Trevorton, excepting a strip of ground 100 feet in width along the said State highway along the extreme eastern end of the premises. This reservation of 100 feet in width along the said State

highway, to the south thereof, is the same lot or piece of ground contained in the devise to Walter Kowaleski. These two bequests would seem to dispose of all of the property which Michael Kowaleski had and possessed in Zerbe Township. The question then arises whether the devise of the farm, tract, or piece of land is of sufficient certainty to be construed as being a devise of specific lots and blocks as plotted on the map or plan of the subdivision known as Greenview and outlots 181 and 182 as indicated on the map or plan of the Village of Trevorton.

It is admitted that Michael Kowaleski at the time of his death owned no real estate in the Township of Zerbe other than that part of the tract which he had previously laid out as Greenview, which he had not conveyed prior to his death. It is also admitted that the blocks and lots contained on the map of what is known as Greenview were never staked out on the ground and that Greenview was actually occupied by the said Michael Kowaleski at the time of his death and used by him as a chicken farm on which he raised chickens, chicken feed and orchard crops, maintained a cow and had buildings erected thereon customarily found on farms.

From the admitted facts, we are of the opinion that the land devised by Michael Kowaleski, in his will, stated as all that certain land, lying south of the State highway, "of the farm, tract or piece of land", which he then owned and which he may die seized excepting a strip of ground 100 feet in width along the said State highway was the same land contained in that part of the plot of Greenview lying south of said State highway which he had not conveyed prior to his death and excepting a strip of land 100 feet wide, comprising lots 6, 7, 8 and 9 in block 5; lots 6, 7, 8 and 9 in block 6 in Greenview, and the eastern 100 feet in width of outlot 182, as numbered upon the plan of the Village of Trevorton.

A farm has been defined as a tract of land used for agricultural purposes: Taylor's Estate, 30 Dist. R. 4. It does not matter how large the tract may be in area. That the testator used his land for agricultural purposes, as that term is generally used, cannot be denied.

A devise of a farm may include outlying tracts of land commonly known and treated by testator as a part of it: 40 Cyc. 1532. In this regard, attention is called to the fact that in the devise to Walter Kowaleski, testator refers to the piece of ground 100 feet in width along the south side of the State highway as being situated along the extreme eastern end of his farming premises or homestead, whereon is planted a fruit orchard. Inasmuch as it is admitted that the only land which testator owned in Zerbe Township was that included in the plot or plan of Greenview, it clearly indicates that testator included all the lots and blocks as part of his farming premises.

While there is evidently no case in this Commonwealth exactly in point, nevertheless, the Supreme Court of Pennsylvania, in the case of Robb v. Robb et al., 173 Pa. 620, in construing the words "unimproved real estate", uses language which is applicable to this case. In the Robb case, the tract of land in question was used for farming purposes and had dwelling houses and other structures built upon a portion of the same. There was a map made at or about the time of Charles Robb's purchase, showing the courses of the streets running through the tract, and there was no doubt that it was in the mind of Charles Robb that the property would at some time be developed and improved as city property. In holding that the property in question was improved land, the court said (p. 629):

"Country property near the built-up part of a city may well be held for a future rise in its value by divid-

ing it into city lots and selling them as such, but while it remains country property cultivated, occupied and rented as farm land it remains as improved land and cannot be converted into land which is unimproved, merely because its owner contemplates selling it in lots whenever the proper time arrives."

In this case, Michael Kowaleski used the entire tract of land for farming purposes and the nature and character of the land was not changed because he saw fit to subdivide the tract into lots and blocks in a subdivision known as Greenview. The owner's purpose was evidently to hold these lots and blocks for future market and sell lots from the said tract from time to time as opportunities would arise. After the filing of the plan of the subdivision, there was no effort made to stake or lay out the lots on the ground and the original character of the use of the land was not changed by the simple recording of the plan of the subdivision. It will be noticed that testator not only used the word "farm" but also "tract of land", and when testator used the words "farm" or "tract of land", we are of the opinion that he clearly meant all of the land included in the lots and blocks laid out on the map of the subdivision known as Greenview.

We, therefore, answer the question raised by the case stated in the affirmative, and inasmuch as it has been stipulated that if the question raised should be answered in the affirmative, then judgment should be entered in favor of plaintiff in the sum of $6,500, judgment must be entered accordingly.

*Order*

And now, to wit, April 28, 1947, it is hereby ordered, adjudged, and decreed that judgment be entered in favor of plaintiff, Joseph S. Kowaleski, and against defendants, Lester A. Mangle and Helen J. Mangle, in the sum of $6,500.